(95 South. 370)

## CENTRAL OF GEORGIA R. CO. v. ROBINS.
### (7 Div. 288.)

(Supreme Court of Alabama.   Jan. 4, 1923.)

**Parent and child ⊕⚬7(I)—Father held not entitled to recover for injury to child, where child himself had no right of recovery.**

Where a minor was not entitled to recover for injuries as for a breach of duty by defendant in allowing him to play upon an unguarded turntable, the father of the minor injured had no right to recover in a suit for damages suffered by himself as parent, founded on the same alleged breach of duty.

Appeal from Circuit Court, Talladega County; S. W. Tate, Special Judge.

Action by Charles S. Robins against the Central of Georgia Railroad Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Nesbit & Sadler and J. M. Gillespy, Jr., all of Birmingham, for appellant.

Riddle & Riddle, of Talladega, for appellee.

SOMERVILLE, J.   In a companion case, Cent. of Ga. R. R. Co. v. Harold Robins, 95 South. 367,[1] we have held that the plaintiff, a minor son 15 years of age, could not recover as for an alleged breach of duty by defendant in allowing him to play upon defendant's unguarded turntable, in the course of which play he was injured.   That conclusion is fatal to any right to recovery by the plaintiff in this case, who sues for damages for injuries suffered by himself as parent, founded upon the same alleged breach of duty.

For the reasons stated in the other case, the motion to strike the bill of exceptions must be overruled, and the judgment reversed, for refusal to give the general affirmative charge for defendant.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.