149 So. 775

In re OPINIONS OF THE JUSTICES.

In re APPROPRIATION TO AIR SERVICE COMMISSION.

No. 27.

Supreme Court of Alabama.

Sept. 30, 1933.

Response to question propounded by Governor.

Questions propounded by the Governor to the Justices of the Supreme Court, under Code 1923 § 10290.

Questions answered.

August 26, 1933.

Judges of the Supreme Court of Alabama, State Capitol, Montgomery, Alabama.

Gentlemen: Under section 10290 et seq. of the Code of Alabama of 1923, I request your written opinion on the following important constitutional question:

The legislature of Alabama passed an act which was approved on July 2, 1931, General Acts of Alabama, Regular Session 1931, page 402, providing for the creation of a commission to be known as Alabama Air Service Building Commission. The act authorizes the Commission to construct certain buildings and improvements. The act makes an appropriation to pay for said buildings.

Section 19 of the Act provides that the Commission shall have power and authority to borrow money in anticipation of the amount of the appropriation becoming available, and to pledge the appropriation as security for the payment of the loan.

Section 21 of the Act, being the section which makes the appropriation, was amended in the Special Session of 1932 (see General Acts of Alabama, Extra Session 1932, page 298).

Under the terms and provisions of this Act, can the Alabama Air Service Building Commission borrow from the Federal Government under the Federal Emergency Appropriation for Public Works and pledge the appropriation for the repayment of the loan?

If an application is made for a loan by the Alabama Air Service Building Commission, and approved by me as Governor, will such loan be in violation of section 213 of the Constitution of Alabama as amended by a vote of the people on July 18, 1933, the amendment being made a part of the Constitution by proclamation dated August 2, 1933?

If a loan is made to the Alabama Air Service Building Commission, can the loan be repaid without a violation of any of the provisions of the budget law?

Can such loan be made and repaid without offending any part of section 213 of the Constitution as amended by Governor's proclamation dated August 2. 1933?

Yours truly,

B. M. Miller, Governor.

Response of the Justices.

To the Governor of Alabama:

Responding to your inquiry hereto attached, we respectfully submit:

The Air Service Commission Act expressly authorizes the commission to borrow money for construction purposes and to pledge the appropriation for the payment of such loan. This is within the authority of the Legislature, but subject to constitutional limitations affecting such appropriation, or the amount that may become available thereunder.

The recent constitutional amendment (Gen. Acts 1933, Ex. Sess., p. 196), known as the McDaniel Amendment, amending section 213 of the Constitution for the purpose of validating a floating debt heretofore incurred under appropriations in excess of revenues, incorporated provisions expressly intended to prevent future deficits in the state treasury.

To this end available funds for the payment of claims, in case of a deficit, are to be prorated, and all excess unpaid appropriations are declared null and void.

We would not anticipate the questions that may arise touching the claims included in such prorate, nor what appropriations, if any, are without such provision because of other constitutional provisions.

Suffice to say, we find nothing to except the appropriation in question from the operation of section 213 as thus amended.

Whatever effect be given to sections 20 and 22 of the Fletcher Bill (Gen. Acts 1932, Ex. Sess., p. 35), touching permanent constructions, or capital projects, we find nothing in amended section 213, which will permit the Legislature to give preference thereto by setting apart or directing you to set apart from the general funds in the treasury such sums as may be required to meet them in full, and thus deplete the funds available to meet the current operations of the several departments or state institutions, who must take on a pro rata basis.

We conclude the appropriation in question is subject to amended section 213.

Respectfully submitted,

JNO. C. ANDERSON,
Chief Justice.
LUCIEN D. GARDNER,
WILLIAM H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
ARTHUR B. FOSTER,
THOMAS E. KNIGHT,
Associate Justices.