MARY REILLY, Appellant, *v.* RAYMOND RAWLEIGH, Respondent.

Fourth Department, June 26, 1935.

*Gilbert A. Nusbaum,* for the appellant.

*Philip M. Liebschutz,* for the respondent.

EDGCOMB, J. Plaintiff's daughter was driving defendant's Chevrolet coupe along the Dansville-Livonia highway, when it suddenly swerved to its left, as it was rounding a curve in the road, and collided with a car coming in the opposite direction. Plaintiff, who was a passenger in the car, and Donald Reilly, her son, who was riding in the rumble seat, were both injured.

This action is brought by the plaintiff to recover (1) the damages which she sustained by reason of her own personal injuries; (2) the pecuniary loss suffered by her in consequence of the wrong done to her son.

At the close of plaintiff's case defendant moved for a nonsuit. The motion was denied in so far as it pertained to the first cause of action, but was granted in so far as it related to the recovery by the plaintiff of the pecuniary damages sustained by reason of her son's injuries.

The case then proceeded, and at the close of all the evidence a verdict was directed in favor of the defendant as to plaintiff's first cause of action.

The nonsuit as to the second cause of action, in which plaintiff seeks to be reimbursed for the pecuniary damages which she sustained in consequence of her son's injuries, is derivative, and depends upon the right of her child to recover for his injuries. If he could not recover in an action brought by him against this defendant, his mother cannot succeed upon her second cause of action. (*Lundergan* v. *New York Central & Hudson River R. R. Co.*, 203 Mass. 460, 466; 89 N. E. 625; *Regan* v. *Superb Theatre, Inc.*, 220 Mass. 259, 261; 107 N. E. 984; *Thompson* v. *United Laboratories Co.*, 221 Mass. 276; 108 N. E. 1042; *Maxson* v. *Tomek*, 244 App. Div. 604.)

There was evidence at the time of the nonsuit which would warrant a finding of negligence on the part of the driver of the car.

The boy could not be held guilty of contributory negligence as a matter of law. He had crawled down on the floor of the car to keep warm, and had fallen asleep with his head on the cushion of the rumble seat. That fact did not charge him with negligence as a matter of law. (*Nelson* v. *Nygren*, 259 N. Y. 71.)

Nor do we think it can be said that the plaintiff herself was negligent as a matter of law, so as to prevent her recovery upon her first cause of action.

It is true that a passenger cannot sit idly by, and permit a reckless operation of a car to continue without objection, and not be charged with negligence. One riding in an automobile at the invitation of another is required, in case of apprehended danger, due to excessive or unlawful speed or other careless management, to protest to the driver, and demand a reform in the method of operation, and, if his remonstrance is unheeded, to insist that the car be stopped, and that he be allowed to depart. (*Clark* v. *Traver*, 205 App. Div. 206; affd., 237 N. Y. 544; *Joyce* v. *Brockett*, 205 App. Div. 770; affd., 237 N. Y. 561; *Sheehan* v. *Coffey*, 205 App. Div. 388; *Klinczyk* v. *Lehigh Valley R. R. Co.*, 152 id. 270.)

The question whether the passenger has used that care and caution for his protection which a reasonably prudent person would use under like circumstances, and whether he has watched the road and the operation of the car, and protested at just the right moment, if things were not just as he thought they should be, is usually one

of fact, and not one of law. Dictation by a guest, or even a suggestion on his part as to how the car should be driven, is not always helpful to the operator. A passenger is not obliged to watch the speedometer, or to take heed of every movement of the car. If the driver is apparently a careful operator, the guest may safely intrust him with its operation. Even if the machine was being driven faster than it should have been, as it approached this curve, it was in the open country, and on a fairly empty road, and it cannot be said as matter of law that the plaintiff should have realized that the speed was excessive or dangerous. Her negligence, as well as that of the defendant, was for the jury.

For the reasons above stated, we think that the judgment appealed from should be reversed and that a new trial should be granted.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.