173 So. 861

### CARTER v. FRANKLIN.
#### 4 Div. 877.

Supreme Court of Alabama.
April 15, 1937.

Powell, Albrighton & Albrighton, of Andalusia, for appellant.

B. W. Smith, of Samson, and E. O. Baldwin, of Andalusia, for appellee.

BOULDIN, Justice.

Action for damages under the homicide statute, Code, § 5696.

The defendants were Martin Wunderlich Construction Company; Martin Wunderlich, individually; and Ivey Carter. There was verdict for plaintiff against the first-named defendants, and verdict for defendant Ivey Carter.

On motion by the unsuccessful defendants for a new trial, based on numerous grounds, plaintiff confessed error, and a new trial was granted.

Plaintiff moved for a new trial as against the successful defendant, Ivey Carter, upon the ground that the verdict was not supported by the evidence, was opposed to the great weight of the evidence, and a general averment that the verdict was contrary to law. This motion was granted. The appeal is to review this ruling.

Plaintiff's intestate came to his death from driving a motortruck into a barricade erected on the State Highway leading from Opp to Andalusia, Ala. This highway was, at the time, in the course of reconstruction under a contract with the State Highway Department. The reconditioning of the roadbed, and paving the road, called for such possessory control over same as to warrant the closing of the road to public travel pursuant to Code 1928, § 1397 (34).

Pursuant to such authority, the contractor, Martin Wunderlich Construction Com-

pany, had closed or undertaken to close a section of the road leading from Opp to Bethel Church, some three or four miles in length. Detours had been provided.

Barricades and warning signs had been erected at the termini of this section and at the several intersections with other roads. Considerable evidence is devoted to the question whether all intersections were thus safeguarded. It further appears that in dry weather the road was reopened at intervals. Vehicular travel was made one of the means of packing the roadbed at certain stages of construction. But, without serious dispute in the evidence, the road was closed, with warning signs and barricades up on January 3d, the date of the fatal accident, and for several days prior thereto.

■ By the great weight of the evidence, we may say without substantial controversy, it appears plaintiff's intestate knew this fact at the time. Whether all the intersections were provided with adequate warnings or barricades as to those who might enter through them without other knowledge that the road was closed to travel becomes unimportant. That persons were finding their way around barricades and using this highway with knowledge that it was lawfully withdrawn from public use for purposes of construction, can afford no lawful warrant for such practice. The construction company owed no special duty to safeguard such persons from injuries due to conditions attending the construction work. Being in the wrongful use of such premises, injuries directly resulting from such use are chargeable to such negligent or wrongful act under the same principles of law, broadly speaking, which apply to trespassers on the premises of another. Butman v. Newton, 179 Mass. 1, 60 N.E. 401, 88 Am.St.Rep. 349; Hunter v. Montesano, 60 Wash. 489, 111 P. 571, Ann.Cas.1912B, 955; Jones v. Collins, 177 Mass. 444, 59 N.E. 64; Shawano County v. Froemming Bros., 186 Wis. 491, 202 N. W. 186.

The barricade in question was located on the closed section of the highway at a point between the initial barriers and warning signs in Opp and near Bethel Church.

It consisted of several strands of wire rope stretched across a bridge on the highway and made fast to the steel structure of the bridge on each side thereof. It appears two evergreen bushes had been cut and set in position intended as a warning to vehicles. Whether these were adequate to give proper warning in the daytime is not here important. This fatal collision was at night. There were no warning lights. Counts of the complaint are directed to the character of this barrier, and the want of lights or other warning signals, as a basis for the charge of negligence or wanton wrong, the proximate cause of the injury.

Admittedly this barrier was erected under direction of the superintendent in charge of such matters for the construction company. This appellant, Ivey Carter, was a day laborer under the orders of such superintendent, who directed the erection of this wire rope barrier at that point.

Appellant presents two lines of argument in support of the assignment of error, namely, the granting of a new trial as against him on motion of plaintiff:

First, it is insisted, the evidence plainly and palpably supported a verdict in his favor on grounds personal to him.

Second, that both employer and employee were entitled to an affirmative instruction, or the weight of evidence plainly and palpably called for a verdict for all.

Inasmuch as the cause stands for a new trial as to the employer, it is fitting that no discussion of the evidence be had except as may be necessary to determine the legal rights of this appellant.

■ In this connection we deem it proper to note that where employer and employee are sued in tort, the liability charged to the employer resting solely on the negligence or wanton conduct of the employee, a verdict against the employer and in favor of the employee is due to be set aside on proper motion. It is self contradictory. It says in one aspect that the employee was guilty of negligence proximately causing injury, and because of such negligence in the line and scope of his employment, his employer is liable, while in the other aspect, it says the employee was not guilty of negligence, the proximate cause of injury. Such a verdict on its face discloses that the jury has misconceived the issues, or was prompted by bias against the employer or in favor of the employee. If a proper jury case was presented in the evidence, such verdict should, on proper motions, be set aside in toto, that the cause be retried on the merits, unhampered by questions of res adjudicata. But no such case is presented here. While some counts of the complaint charged the employer with

responsibility under the doctrine of respondeat superior, naming appellant and "other employees" as the agents, the evidence, as above observed, clearly disclosed that other and superior representatives of the employer caused the erection and maintenance of this barrier. If, by reason of this appellant's personal relation to the matter, the evidence supported a verdict for him, the liability of the employer would not depend on similar liability on his part. Moreover, the motion for new trial presented no issue of common liability, but was directed to. the question of liability of this appellant, vel non, under the evidence.

 Turning to this inquiry, it cannot be questioned that in tort actions all persons are jointly and severally liable for the proximate results of their negligence or wanton conduct. The relation of employer and employee excuses neither. In some jurisdictions a mere day laborer acting under superiors is not held liable for acts of mere nonfeasance. This court has not approved such distinction. Whether his failure of duty be one of commission or omission is unimportant. But he must be a wrongdoer in such sort that under the particular facts of the case his negligence or wrongful act was a proximate cause of an injury. Sloss-Sheffield Steel & Iron Co. v. Wilkes et al., 231 Ala. 511, 165 So. 764; Mayer v. Thompson-Hutchison Building Co., 104 Ala. 611, 16 So. 620, 28 L.R.A. 433, 53' Am.St.Rep. 88; Hilburn v. McKinney, 204 Ala. 158, 85 So. 496; Wright v. McCord et al., 205 Ala. 122, 88 So. 150; McBain v. Lang, 56 N.D. 630, 218 N.W. 641; Pester v. Holmes, 109 Neb. 603, 191 N.W. 709; Jessup v. Sloneker, 142 Pa. 527, 21 A. 988; 29 C.J. 685, par. 446; 39 C.J. 1311, par. 1512. '

The construction company, by the great weight of the evidence, had the lawful right to erect a barricade at this or any other point on this section of the highway lawfully closed to public travel. This included the right to construct an effective barricade, one which would stop vehicles being wrongfully driven over this road. The use of wire rope or cable in such construction was not per se wrongful. This kind of barricade imposed a duty to provide other signals or warnings to make known the presence of such obstruction to those entitled to such warning. City of Albany v. Black, 214 Ala. 359, 108 So. 49; Thomas v. Saulsbury & Co. et al., 212 Ala. 245, 102 So. 115; Morgan-Hill Paving Co. v. Fonville, 224 Ala. 383, 140 So. 575.

Dealing with this case, the maintenance of such a barrier without warning lights or other adequate signals would support a finding of at least simple negligence, and consequent right of recovery by one not himself guilty of contributory negligence. The building of such barricade was directed against anticipated travel, notwithstanding other warnings and barricades. Whether this unlighted obstruction was so obviously dangerous in the nighttime, as to support a finding of wantonness on the part of those under a known duty to maintain such lights, is not now for decision. This appellant is not shown to have had any such duty. His help as a laborer in merely erecting a barrier not dangerous if properly maintained was not a *tort*. Maintaining lights was a continuous matter from night to night, a thing apart from erecting the barrier. Appellant is not shown to have been assigned to such duty, nor charged with the duty to see that it was lighted. His duties were those assigned him by his superiors.

Under this state of the case we are clear to the conclusion that the evidence did plainly and palpably support the verdict in his favor against one knowingly in the use of a closed highway from which his death ensued.

The trial court erred in his judgment awarding a new trial as, against appellant.

Such judgment is reversed and vacated, and the original judgment in his favor reinstated.

Reversed and rendered.

ANDERSON, C J., and GARDNER and FOSTER, JJ., concur.