RICHARD REILLY, an Infant, by DOROTHY REILLY, His Guardian ad Litem, et al., Appellants, *v.* SHAPMAR REALTY CORPORATION, Respondent.

First Department, December 21, 1943.

*Jacob D. Fuchsberg* of counsel (*Charles Forster,* attorney), for appellants.

*Louis Helfenstein* of counsel (*Joseph S. Robinson,* attorney), for respondent.

COHN, J. There were two causes of action — one for damages for personal injuries sustained by infant plaintiff, Richard Reilly, and the other for loss of services by his mother, Dorothy Reilly. It is claimed that on April 29, 1941, while the infant plaintiff was in front of a building owned and controlled by defendant at 53 St. Marks Place, New York City, a heavy ornamental flower pot, located on a post in front, fell on the infant. There is no dispute that the infant's injuries were severe and required his hospitalization for seventy-five days, for which alone there was incurred a $532 hospital bill.

After the jury had deliberated on the evidence, they returned and reported as follows:

" We find for the plaintiff, Mrs. Dorothy Reilly, and award to her the amount of the hospital bill." Then the following occurred: " The Court: What is your verdict in the action of the infant against the defendant? The Foreman: In favor of the plaintiff— The Court: In the action of the infant against the defendant? The Foreman: We did not vote on any action, that is, no damages awarded to the infant at all. The Court: No damages? The Foreman: No. The Court: You find for the defendant in the action of the infant against the defendant. The Foreman: No, for the plaintiff. The Court: In the action of the infant— The Foreman: Yes."

Thereafter, the foreman of the jury, in response to a suggestion that it was the intention of the jury to have found for defendant on the infant's cause of action, stated that the jury had merely made no allowance for damages. The colloquy continued as follows: " The Court: In the action of the mother against the defendant you find in favor of the mother for the amount of the hospital bill. The amount of the hospital bill is $532. The Foreman: Right. The Court: In the case of the infant, your verdict is for the defendant and no allowance for damages. The Foreman: That is right, no allowance for damages."

The jury was thereafter polled, and the verdicts were recorded respectively as in favor of the plaintiff mother and against the infant plaintiff.

The plaintiffs then moved that the clerk be directed to enter a verdict in favor of both plaintiffs and that a new trial be

ordered for the sole purpose of assessing the damages in the case of the infant. This motion was denied. In the alternative, the plaintiffs then moved for a severance of the two causes of action and that the verdict in the case of the infant be set aside and a new trial ordered. These motions, too, were denied. As to plaintiffs' motions, the rulings of the court were correct.

Thereupon, defendant moved that the verdict for the mother be set aside and her complaint dismissed. This motion was granted. The court, we think, erred in making this disposition.

The verdicts as finally rendered by the jury were clearly inconsistent and irreconcilable. The infant plaintiff's injuries were severe. If his mother was entitled to recover for medical expenses necessary to cure the child, so was the infant for his injuries. On the other hand, if no cause of action was made out in the infant's case, there should be no verdict in favor of the mother. (*Reilly* v. *Rawleigh*, 245 App. Div. 190, 191.)

Who can tell what the jury really intended here? In the circumstances, before the verdict had been finally recorded, the jury should have been advised that they could not render inconsistent verdicts, and then returned to the juryroom for further deliberation. As this was not done, the trial court should have set aside the inconsistent verdicts and directed a new trial. The correct procedure in such case is clearly set forth in *Gray* v. *Brooklyn Heights R. R. Co.* (175 N. Y. 448, at p. 450) where the court said: " The practice of trying, with the consent of all concerned, the wife's action for personal injuries caused by negligence and the husband's action for loss of services owing to the same injury, at the same time and submitting them to the same jury upon the same evidence, should not be discouraged, for it saves the time of the court and witnesses and reduces the expenses of the parties. When, however, the two actions are thus tried together and inconsistent verdicts are rendered, we incline to the view that sound practice requires both verdicts to be set aside at once, without attempting by analysis of the evidence, or otherwise, to discover whether either should be allowed to stand. No other course is safe, for it cannot be told with reasonable certainty what facts the jury found."

Accordingly, the judgment should be reversed and a new trial ordered as to each cause of action, with costs to appellants to abide the event.

TOWNLEY, GLENNON, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered as to each cause of action, with costs to the appellants to abide the event.