41 So.2d 761

## In re OPINION OF THE JUSTICES.

### No. 100.

Supreme Court of Alabama.
June 29, 1949.

Opinion of the Justices of the Supreme Court in response to questions propounded by the House of Representatives under Code 1940, Tit. 13, § 34, as to the validity of House Bill No. 720[1] which would authorize creation of the Alabama State Employment Security Corporation for the purpose of issuing securities to construct an office building.

House Resolution No. 71.

Whereas, there is now pending before the Legislature of Alabama House Bill No. 720[1] which would authorize the creation of a state corporation to be known as the Alabama State Employment Security Corporation for the purpose of issuing its securities not to exceed $950,000 to construct an office building in Montgomery for preferential leasing to the Department of Industrial Relations; therefore

Be it resolved by the House of Representatives of Alabama, that the Justices of the Supreme Court of Alabama, or a majority of them, are hereby requested to render to this body their written opinion, as provided by Section 34, Title 13, 1940 Code as to whether said act, a copy of which is attached hereto, violates any section of the Constitution of the State of Alabama and particularly Sections 14, 45, 69, 72, 93 as amended, 94, 99, 104 (particularly subdivision 27), 106 and 213 as amended, of said Constitution.

The title of the bill is as follows: "To authorize the Director of Industrial Relations, the Director of Employment Service, and the Director of Unemployment Compensation to become a public corporation for the purpose of acquiring land from the State upon which it shall, at a cost not to exceed nine hundred and fifty thousand dollars, cause to be constructed under contract or contracts awarded to the lowest and best bidder and supervised by the Building Commission of 1945, an office building or a related group of buildings; to operate and maintain or cause to be operated and maintained said office building; to borrow money and to issue evidence of indebtedness in the form of bonds or other securities of said corporation, which bonds and securities shall not be debts of the State of Alabama within the meaning of any constitutional or statutory prohibition; to lease space on terms not contrary to the Constitution of Alabama in said building giving preference in such leasing to the Department of Industrial Relations; to regulate and prescribe terms, conditions and covenants under which other State agencies shall lease space in said buildings and to authorize the corporation to enter into covenants and agreements with respect to said bonds or other securities so as better to secure the payment of the principal and interest thereon."

1. See S.B.482, Gen.Acts 1949, Act No. 558.

To the Members of the Alabama House of Representatives, Montgomery.

Sirs:

In response to House Resolution No. 71, relating to a pending bill before the Legislature of Alabama known as House Bill No. 720, proposing to create a public corporation with power to erect an office building, we express our opinion on the basis of the following discussion.

We call particular attention to the fact that the proposed bill does not impose or contemplate the creation of a debt or pecuniary obligation on the part of the State.

It assumes the authority of the Legislature to authorize the State to make annual contracts to lease space for its functions with no obligation other than an annual agreement, if and when made, to pay the amount of rentals which may be agreed upon for that year out of current funds available for that purpose; and recognizes the principle that each fiscal year is a fiscal unit and that the State must take care of its obligation each year to pay out of the funds available and appropriated that year for that purpose.

That status does not conflict with section 213 of the Constitution as amended since there is no appropriation contemplated to be made for future years payable in contravention of the principle of Hall v. Blan, 227 Ala. 64, 148 So. 601, 607, nor a contract to that effect; and that it neither makes nor contemplates an obligation of the State further than such as iu "within the revenues levied and assessed, and in process of collection" for the current year or such as may have been already collected for that year. In re Opinions of Justices, 251 Ala. 91, 36 So.2d 475; Brown v. Gay-Padgett, 188 Ala. 423, 66 So. 161; In re Opinions of Justices, 238 Ala. 293, 191 So. 82.

We also observe that the proposed act does not purport to bind any future legislature in respect to the amount of its then operating expenses. The amount which may be set up as the rental to be paid for one year is not conclusive as to future years under the terms of the proposal, and is not so binding as to deplete the funds available to meet current operations in future years. In re Opinions of Justices, 227 Ala. 289, 149 So. 775.

We are also fully committed to the proposition that a State agency, when authorized by the legislature, may create obligations without incurring a State debt, and that when such obligations are payable out of funds in the possession of such agency whose duty it is to use them for that purpose, that duty may be enforced by mandamus directed to the officer so obligated without violating section 14 or 213 of the Constitution. Alabama State Bridge Cor. v. Smith, 217 Ala. 311, 116 So. 695; State Docks Comm. v. Barnes, 225 Ala. 403, 143 So. 581; Sweet, Director of State Docks v. Wilkinson, Ala. 40 So.2d 427;[2] Harman v. Alabama College, 235 Ala. 148, 177 So. 747; In re Opinions of Justices, 238 Ala. 293, 191 So. 82; Keller v. State Board of Education, 236 Ala. 400, 183 So. 268; Norton v. Lusk, 248 Ala. 110, 117(4), 26 So.2d 849.

It is clear to us that the proposed act will not violate section 14 or 213 of the Constitution as amended.

We think it is not advisable to express an opinion in respect to constitutional provisions to which our attention is not specifically called. We have uniformly adopted that policy.

Also as to section 45 of the Constitution, we do not think it advisable to answer the inquiry in respect to any and every feature of the Act. If the Legislature wishes to direct attention to any specific feature of the Act as to whether it violates section 45, supra, we would be glad to express our opinion.

As to sections 69, 72, 93, 94, 99, 104(27) and 106 of the Constitution, we express the opinion that the proposal would not conflict with any of them. A discussion of them does not seem to be necessary.

Respectfully submitted,

JOEL B. BROWN
ARTHUR B. FOSTER
J. ED. LIVINGSTON
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
Associate Justices.

---

2. Ante, p. 343.