PETRA THORSEN, Respondent, *v.* THELMA F. METZGAR et al., Defendants, and THE TEXAS COMPANY, Appellant.

THOMAS THORSEN, Respondent, *v.* THELMA F. METZGAR et al., Defendants, and THE TEXAS COMPANY, Appellant.

Third Department, June 29, 1951.

*Donald W. Yager,* for respondents.

*Sidney B. Coulter,* for The Texas Company, appellant.

*Peter Brevett,* for Antonio Galutz and John J. Camillo, appellants.

HEFFERNAN, J. P. These actions were brought to recover damages for bodily injuries, sustained by plaintiff, Petra Thorsen, and for consequential loss sustained by her husband, the coplaintiff, Thomas Thorsen.

The actions were discontinued against defendant, Thelma F. Metzgar, and dismissed against the defendant, Galutz. The cases proceeded to trial solely against the defendants, The Texas Company and Camillo.

On October 2, 1945, while plaintiff, Petra Thorsen, was traveling on the public sidewalk in the city of Cortland, contiguous to a gasoline station which was operated under a sublease from The Texas Company by the defendant, Camillo, she fell and sustained personal injuries. The gas station in question was leased by The Texas Company for a ten-year period from 1939 to 1949, and that lease was in full force at the time of the accident. The Texas Company sublet the station to defendant, Camillo, under lease for one year from July 1, 1945, and he was in possession at the time of the accident. The complaints of the plaintiffs are predicated on negligence and nuisance. The gas station, although leased by defendant, Camillo, from The Texas Company, was subject to the direct supervision of the latter company through its representatives. It is not seriously disputed that the sidewalk adjoining the gas station upon which plaintiff's wife fell was in a broken condition and that many depressions existed in the walk and also that gravel, grease and oil had accumulated thereon. This condition existed for a number of years prior to the accident and the jury might well have found that both defendants had ample notice of the dangerous condition of the walk. After trial the jury rendered a verdict in favor of both plaintiffs against the defendant, The Texas Company, and a verdict of no cause of action in favor of the defendant, Camillo. In view of the conclusion

which we have reached in this case it is unnecessary to consider the evidence relating to the negligence of these defendants. We are satisfied that the proof in the record amply sustains a verdict against both defendants.

The verdicts are irreconcilable and inconsistent. If the defendant, The Texas Company, was guilty of negligence then obviously the codefendant was likewise negligent. The jury should have been advised that they could not render inconsistent verdicts and the Trial Judge should have directed that they should further consider the cases. As this was not done the trial court should have set aside the inconsistent verdicts and directed a new trial. The correct procedure in such cases is clearly set forth in *Gray* v. *Brooklyn Heights R. R. Co.* (175 N. Y. 448) ; *Reilly* v. *Shapmar Realty Corp.* (267 App. Div. 198), and *Leonard* v. *Home Owners' Loan Corp.* (270 App. Div. 363).

Subsequently the Trial Judge set aside the verdicts in favor of defendant, Camillo, and directed a new trial. There is no issue before this court, however, in that case. In view of the fact that there must be a retrial we desire to call attention to an error in the court's charge. In his instructions to the jury the Trial Judge stated that if the depressions in the walk were from one inch to an inch and a quarter, the jury's verdict would have to be one of no cause of action so far as the defendant, The Texas Company, is concerned. The proof showed that the depressions did not exceed one and a quarter inches. In that connection the Trial Judge said, " It is the law that, in order to recover for a hole in the sidewalk, the hole must be of the depth of from three to four inches ". Clearly this is an incorrect statement of the law (*Loughran* v. *City of New York*, 298 N. Y. 320).

The judgments and order appealed from should be reversed on the law and facts and a new trial ordered, with costs to abide the event.

BREWSTER, DEYO, BERGAN and COON, JJ., concur.

Judgments and order appealed from reversed on the law and facts and a new trial ordered, with costs to abide the event.