58 So.2d 896

**SIBLEY v. ODUM et al.**

**6 Div. 158.**

Supreme Court of Alabama.

Nov. 15, 1951.

Rehearing Denied Jan. 3, 1952.

Further Rehearing Denied
May 15, 1952.

Mayfield & Massa, Tuscaloosa, for appellant.

Davies & Williams, Birmingham, for appellee Odum.

SIMPSON, Justice.

This appeal presents the question of whether there was error in granting appellee's motion to set aside the verdict of the jury and order a new trial. The verdict was: "We the jury find the issues in favor of the plaintiff against the defendant James E. Odum and assess her damages at $10,000." The case is argued here on the theory that the verdict was a discharge of Sibley and against Odum for damages for personal injuries sustained in an automobile accident and we will review the case on that theory.

The motion for new trial contained eighty-eight grounds. In granting the motion, as appears from the judgment entry, the trial court assigned no ground, but we have held that the trial court's action in granting a new trial must be sustained on appeal if any good ground therefor is presented by the motion. A Templeton & Son v. David, 233 Ala. 616, 173 So. 231; Cox v. Martin, 250 Ala. 401, 34 So.2d 463.

One ground of the motion was that the verdict was repugnant and inconsistent. Appellant's brief is devoted to that ground. Appellees in brief assert that "the trial court held, and we submit correctly so, that such a verdict was contrary to the pleadings and the evidence in the case and could not be sustained." We have addressed ourselves, first, to that ground of the motion, and having concluded—as we shall hereafter show—that ground to be a good one, we need not specifically notice any other grounds.

The only count of the complaint submitted to the jury was Count 3. It alleged that plaintiff, John Sibley and Odum were riding in Odum's car; that Sibley was driving as the agent of Odum and "under the immediate control and direction of the defendant, James E. Odum, and at said time and place, the said defendant, John Sibley acting within the line and scope of his said agency, with reckless disregard of the consequences, and being conscious at the time that his conduct in so doing would probably result in disaster, willfully or wantonly injured the plaintiff by driving said automobile at such a high rate of speed and in such a manner, that the same was caused to run off of said highway embankment, turn over and burn, and the plaintiff avers that as a proximate consequence of the willful and wanton conduct of the defendant as aforesaid, the plaintiff was grievously injured * * * and the plaintiff alleges that said willful and wanton misconduct was the proximate cause of all the injuries and damages aforesaid."

Does this charge Odum with direct participation in the willful or wanton conduct of Sibley because it alleges that Sibley was then and there driving said automobile as the agent and under the immediate control and direction of the defendant Odum? We think not. It is only the acts

and conduct of Sibley that are characterized as willful or wanton; and following averment of Sibley's said acts and conduct it is averred that "as a proximate consequence of the willful and wanton conduct of the *defendant* as aforesaid, the plaintiff was injured." (Italics ours.) If the averment that Sibley was driving the car as the agent of Odum and under Odum's immediate control and direction be construed as charging that Odum gave direction for or ratified the act of Sibley in driving at a high rate of speed, it is not charged that this or any other act or conduct of Odum was wanton, willful or done with reckless disregard of the consequences. Odum's mere presence in the car did not change the relationship of principal and agent or master and servant. Thomas v. Carter, 218 Ala. 55, 117 So. 634. To be a direct participant and liable for the consequences of what the agent did on that theory, the principal is subject to the same rule which controls the liability of the agent; that is, that Odum's liability in trespass as a participant in the wanton act must be by reason of Odum's wanton act, not alone by reason of Sibley's wanton act. In the absence of allegations showing Odum's participation in the wanton act charged to Sibley, his liability is shown to be derivative, that is, upon the principle of *respondeat superior*. The result with respect to Count 3, therefore, is to charge trespass against Sibley and case against Odum. Lehigh Portland Cement Co. v. Sharit, 234 Ala. 40, 173 So. 386; W. E. Belcher Lumber Co. v. York, 245 Ala. 286, 17 So.2d 281.

In the case of Carter v. Franklin, 234 Ala. 116, 118, 173 So. 861, 863, we had this to say:

"* * * where employer and employee are sued in tort, the liability charged to the employer resting solely on the negligence or wanton conduct of the employee, a verdict against the employer and in favor of the employee is due to be set aside on proper motion. It is self contradictory. It says in one aspect that the employee was guilty of negligence proximately causing injury, and because of such negligence in the line and scope of his employment, his employer is liable, while in the other aspect, it says the employee was not guilty of negligence, the proximate cause of injury. Such a verdict on its face discloses that the jury has misconceived the issues, or was prompted by bias against the employer or in favor of the employee. If a proper jury case was presented in the evidence, such verdict should, on proper motions, be set aside in toto, that the cause be retried on the merits, unhampered by questions of res adjudicata. * * *

It results as our opinion and judgment, as it was on first consideration, that the verdict in this case was improper, that the trial court ruled correctly in granting the motion for a new trial and in setting aside the verdict and judgment and restoring the cause to the trial docket. On this premise alone the judgment appealed from is due to be affirmed.

On first consideration of this appeal, we were under the misapprehension that the motion for new trial, contained a ground raising the question of the sufficiency of Count 3 of the complaint (the only one submitted to the jury) as against the asserted demurrer. We therefore entered upon a decision of that question, concluding that the count was subject to such demurrer. Shortly after our decision was announced, the court, *ex mero,* took notice of Act No. 670, General Acts 1947, p. 513, codified as Title 7, § 138(1), Appendix of the Code, bearing directly upon the sufficiency of Count 3. The case was accordingly placed upon the rehearing docket and the act was thereupon given interpretation and on opinion on rehearing we concluded to the invalidity of that act. After formal application for rehearing and consideration of this later opinion, we have discovered after additional scrutiny of the record that the motion for new trial did not embrace such a ground and no question was there presented with reference to the ruling on any pleading. It results, therefore, that we mistakenly considered the sufficiency of Count 3 as against demurrer and, this being so, we unnecessarily treated of the validity of the said legislative act. So considered, on this final deliverance

consideration of the act will be laid entirely out of view. This for several reasons. In the first place, the act had not been brought into notice on the trial and was not relied upon or mentioned on the appeal by either party. In the second place, as the record so stands, we are mindful of our consistent practice to enter upon the consideration of the constitutional validity of statutes only when such questions are pressed upon our attention on appeal— with rare exceptions. Klein v. Jefferson County Building & Loan Ass'n, 239 Ala. 460, 464, 195 So. 593; In re Opinion of the Justices, 252 Ala. 465, 41 So.2d 761; James v. State, 21 Ala.App. 295, 107 So. 727, among others. Further, as appears from the cases, *ubi supra*, we have refrained from treating such constitutional questions unless necessary to a proper adjudication of the case in hand. Whatever of logic, and propriety lies behind these principles, there is the manifest one that consideration of such grave questions as the validity of a statute should be undertaken only in the light of thoughtful, cogent argument on the part of the respective litigants. In the circumstances, therefore, we have receded from any suggestions made with respect to said statute, preferring to leave the question open until such time as it may be presented to us in a proceeding appropriate to its determination. The rehearing opinion is therefore withdrawn and this opinion substituted.

The judgment appealed from is affirmed, the application for rehearing overruled.

All the Justices concur except BROWN, J., not sitting.