171 So.2d 96

**Theresa SMITH, pro ami,**

**v.**

**Arnett RICHARDSON.**

**Arnett RICHARDSON**

**v.**

**Coy SMITH.**

**I Div. 202, 202–A.**

Supreme Court of Alabama.

Jan. 21, 1965.

Collins, Galloway & Murphy, Mobile, for appellant-appellee Richardson.

Brutkiewicz & Crain, Mobile, for appellant Theresa Smith and appellee Coy Smith.

HARWOOD, Justice.

Theresa Smith, a girl of about six years of age, was struck by an automobile driven

by Arnett Richardson, as she was crossing a street in Citronelle.

Thereafter two suits were filed against Richardson, one by Theresa Smith, suing by her father as next friend, and another by Coy Smith, the father. This second suit was under the provisions of Section 118, Title 7, Code of Alabama 1940, which permits a suit by the father (and in certain enumerated circumstances the mother) for injuries to a minor child, a member of the family.

Theresa's complaint contained two counts, one in negligence, and the other alleging wilful and wanton conduct on the part of Richardson. Mr. Smith's complaint contained only one negligence count.

To Theresa's complaint the defendant plead the general issue, and to Mr. Smith's complaint, he pleaded the general issue, and also contributory negligence in permitting the child to be in a dangerous place.

The two cases were by agreement consolidated for trial.

After hearing the evidence and receiving full instructions from the court, the jury returned a verdict for the defendant in Theresa's case, and a verdict for the plaintiff in Mr. Smith's case, assessing his damages at $5,165.

Thus we have the anomalous situation of the same jury, on identical evidence, finding no negligence in Theresa's case, but that the defendant was negligent in Mr. Smith's case.

Judgments were entered in each case pursuant to the respective verdicts.

Each losing party in the proceedings below duly filed their respective motions for new trials, which were denied.

In each motion are grounds to the effect that the verdicts rendered are inconsistent in that the evidence was identical, and the defendant was the same in each case, as was the jury.

On motion of both parties the record was consolidated for appeal, and it is in this form that the record has reached us.

The appellants in their respective assignments of error assert error on the part of the lower court in denying their respective motions for a new trial. In briefs counsel for the respective appellants assert and argue as error the action of the lower court in denying the respective motions for a new trial because of the inconsistency of the verdicts.

It is interesting to note that counsel for Richardson in his appeal, in which the father was the successful plaintiff, argue that the verdict in Theresa's case in favor of the defendant Richardson, including necessarily a finding that Richardson was not negligent, necessitates the conclusion of no negligence on Richardson's part in the father's case, where as on the other hand counsel for appellant, Theresa, argue that the verdict in her father's case, necessarily based on a finding of negligence on Richardson's part, compels a conclusion of the existence of negligence in Theresa's case. The verdicts, clearly inconsistent, having been rendered at the same time by the same jury, on identical facts, renders speculative what the jury intended by its verdicts. Patently, the verdicts indicate confusion on the part of the jury.

Coy Smith's claim for damages was dependent upon negligence on the part of Richardson toward Theresa (Central of Georgia Ry. Co. v. Robins, 209 Ala. 12, 95 So. 370), as was of course Theresa's claim for damages. The jury by their verdict in Theresa's case negatived any negligent conduct by Richardson toward her, yet at the same time and on the same facts found that Richardson was negligent toward Theresa in Mr. Smith's case.

While the two judgments now on review were based on separate complaints filed by separate parties, and were rendered on separate verdicts, yet in truth and in fact the separate cases were joined for trial, and the verdicts rendered on the identical

facts. This fact cannot be disregarded on review. We think therefore that the legal principles governing joint defendants or plaintiffs more apt in the interest of justice, than if a purely mechanical approach in the aspect of separate trials be applied.

In Carter v. Franklin, 234 Ala. 116, 173 So. 861, Justice Bouldin wrote:

"* * * where employer and employee are sued in tort, the liability charged to the employer resting solely on the negligence or wanton conduct of the employee, a verdict against the employer and in favor of the employee is due to be set aside on proper motion. It is self contradictory. It says in one aspect that the employee was guilty of negligence proximately causing injury, and because of such negligence in the line and scope of his employment, his employer is liable, while in the other aspect, it says the employee was not guilty of negligence, the proximate cause of injury. Such a verdict on its face discloses that the jury has misconceived the issues, or was prompted by bias against the employer or in favor of the employee. If a proper jury case was presented in the evidence, such verdict should, on proper motions, be set aside in toto, that the cause be retried on the merits, unhampered by questions of res adjudicata. * * *"

In R. L. Turner Motors v. Hilkey, 260 Ala. 577, 72 So.2d 75, Hilkey had filed three separate suits against R. L. Turner Motors, a partnership composed of R. L. Turner, Anna L. Turner, and C. M. Jacobs individually.

The cases were consolidated for trial and tried on the same evidence. In each case a verdict was rendered against the partnership, and in favor of each individual defendant. In each case a motion for a new trial was overruled. The cases were consolidated for appeal purposes. In reversing the judgments as to R. L. Turner Motors, and R. L. Turner, individually, this court wrote:

"* * * The only way in which the partnership could be held liable in the instant case is for R. L. Turner to be liable individually. He was acquitted by the jury and therefore it follows that the partnership was necessarily exonerated, because it is only through the wrongdoing of R. L. Turner that the partnership can be liable. It is admitted that Mrs. Anna L. Turner personally was in no way a party to the wrongdoing. We accordingly consider that there is a fatal inconsistency in the judgment exonerating R. L. Turner individually and holding the partnership liable. The motion for a new trial should have been granted. Carter v. Franklin, 234 Ala. 116, 173 So. 861.

\* \* \* \* \* \*

"* * * We think the judgment to the extent that it is in favor of R. L. Turner should also be vacated to do complete justice. See Luquire Ins. Co. v. Parker, 241 Ala. 621, 4 So.2d 259; St. Paul Fire & Marine Ins. Co. v. Johnson, 256 Ala. 690, 57 So.2d 80."

To the same effect see Walker v. St. Louis-San Francisco Ry. Co., 214 Ala. 492, 108 So. 388; Sibley v. Odum, 257 Ala. 292, 58 So.2d 896.

In the New York case of Reilly et al. v. Shapmar Realty Corp., 267 App.Div. 198, 45 N.Y.S.2d 356, two causes of action had been brought against the Shapmar Realty Corporation, one by the infant plaintiff seeking damages for personal injuries, and one by the mother of the infant seeking damages for loss of services of the infant. The jury returned a verdict in favor of the defendant in the infant's case, and in favor of the mother in her suit. In reversing both cases, the New York court wrote:

"The verdicts as finally rendered by the jury were clearly inconsistent and irreconcilable. The infant plaintiff's injuries were severe. If his mother was entitled to recover for medical expenses necessary to cure the child, so was the infant for his injuries. On the other hand, if no cause of action was

made out in the infant's case, there should be no verdict in favor of the mother. Reilly v. Rawleigh, 245 App. Div. 190, 191, 281 N.Y.S. 366.

"Who can tell what the jury really intended here? In the circumstances, before the verdict had been finally recorded, the jury should have been advised that they could not render inconsistent verdicts, and then returned to the jury-room for further deliberation. As this was not done, the trial court should have set aside the inconsistent verdicts and directed a new trial. The correct procedure in such case is clearly set forth in Gray v. Brooklyn Heights R. Co., 175 N.Y. 448, at page 450, 67 N.E. 899, at page 900, where the court said: 'The practice of trying, with the consent of all concerned, the wife's action for personal injuries caused by negligence, and the husband's action for loss of services owing to the same injury, at the same time, and submitting them to the same jury upon the same evidence, should not be discouraged, for it saves the time of the court and witnesses, and reduces the expenses of the parties. When, however, the two actions are thus tried together and inconsistent verdicts are rendered, we incline to the view that sound practice requires both verdicts to be set aside at once, without attempting, by analysis of the evidence or otherwise, to discover whether either should be allowed to stand. No other course is safe, for it cannot be told with reasonable certainty what facts the jury found.'

"Accordingly, the judgment should be reversed and a new trial ordered as to each cause of action with costs to appellants to abide the event."

We are of the conclusion that the lower court erred in denying the motions for a new trial in each of the present cases, and that each judgment should be reversed for new trials.

Counsel for appellant Richardson has also argued that the verdict for $5,165 awarded to Mr. Smith, the father, is so excessive as to indicate bias and prejudice on the part of the jury.

In his complaint Mr. Smith claimed damages for the medical expenses in and about treatment of his daughter's injuries, damages for nursing services rendered to his daughter by Mrs. Smith, and by himself, and damages for loss of services and the society of his daughter.

■ The burden is upon one claiming damages to establish the existence of, and the amount of such damages by competent evidence. Revel v. Prince, 37 Ala.App. 457, 69 So.2d 470. Mr. Smith, the father, presented evidence which showed that his daughter's injuries consisted mainly of a broken leg. She was hospitalized from September 9 to October 9, 1961. Thereafter she wore a cast on her leg for awhile, but was walking on December 27, 1961, and returned to school in January 1962.

Prior to her injury Mr. Smith testified that Theresa helped around the house with her younger brothers and sisters, and sometimes ran errands for him. Mr. Smith further testified that his wife spent every night at the hospital while Theresa was confined there, and that he himself spent many nights there, and further that after Theresa returned home it was necessary to have someone in to tend her as her leg was still in the cast.

Dr. Guy L. Rutledge the physician who treated Theresa, testified that on 27 December 1961, Theresa was walking without the aid of crutches. The next time he saw her was on 26 January 1962. On 6 August 1963, he had Theresa come back for an evaluation examination. As to his conclusions upon this examination Dr. Rutledge testified, "I think she is completely recovered and doesn't have any appreciable significant disability."

In the trial below, hospital, medical, ambulance, and drug bills totaling $1,009.50 were properly shown.

There is not one iota of evidence tending to show the value of the nursing services rendered by Mr. Smith or Mrs. Smith, nor is there any evidence tending to show the value of the services rendered by Theresa for her father.

A father may recover as damages resulting from the negligent bodily injury of his minor child, medical expenses in treating such injuries, and compensation for loss of services. Franklin v. Georgia Casualty Co., 225 Ala. 58, 141 So. 702. If the child receives permanent injuries the recoverable damages are such as will compensate the parent for the loss of the child's services up to the time of his majority. Birmingham Ry. Light and Power Co. v. Chastain, 158 Ala. 421, 48 So. 85.

Loss of services claimed as damages in case of injury to a wife import more than services in the ordinary sense, but the term is used in the sense expressed by the word *consortium*. Such is not the case in the loss of services of a child. Here, services means the labor and assistance of a child rendered for the father, and imply a loss measured by pecuniary standards of value. Long v. Booe, 106 Ala. 570, 17 So. 716. The loss of the society of a child as distinguished from the loss of its services, cannot form the element of recoverable damages. Birmingham Ry. Light and Power Co. v. Baker, 161 Ala. 135, 49 So. 755.

When a parent loses time from his work or duties in caring for an injured child, the measure of damages recoverable for the parent is the value of the services in nursing or caring for the child. Bryan v. Stewart, 194 Ala. 353, 70 So. 123.

Since there was complete lack of any proof of the value of the child's services or of the value of the nursing services rendered by the parent or parents, the action of the jury in awarding any damages above the actual medical expenses which were properly shown, was speculative to this extent.

We have written to this phase of the case in view of the possibility of another trial. As before stated, the judgments must be reversed because of their inconsistency.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.