Benjamin Brenner, J.
Plaintiffs seek a new trial on the issue of liability and the defendant Board of Education demands *556 dismissal of the complaint by virtue of a jury’s initial special verdict that the six-year-old infant plaintiff had been scalded because of the board’s negligence and through her own contributory fault. On reconsideration, a second special verdict again found the board negligent but this time the jury disagreed as to contributory negligence, voting 7 to 5 in favor of the child as to that defense.
The reason for the jury’s reconsideration was counsel’s dissatisfaction with a pro forma instruction given to it following its request, “ Would it be considered an acceptable verdict if we found the Board of Education negligent and also the child partially responsible? ” My first response was in language which did not apprise the jury of the effect of a finding of contributory negligence. In so limiting the response, I quite frankly followed the reasoning set out by Weinstein-KornMiller, New York Practice (vol. 4, par. 4111.07) as follows: “ In order to carry out fully the purpose of the special verdict, it is best not to inform the jury of the legal effect of its answers to the questions. Depriving the jurors of this information will have the salutary effect of restricting them to their fact-finding function, which should be executed without regard to the outcome of the litigation.”
Counsel for the board objected to this procedure, insisting that the jury be fully apprised of the consequences of a finding of contributory fault. I thereafter acceded to counsel’s request, notwithstanding the salutary caution above quoted, when he was joined by counsel for the plaintiffs in a second request that I recall the jury and reinstruct it as to the full significance of a finding that the child was responsible. Since the first verdict against the child was delivered just after the jurors’ return from lunch and before there was time to so reinstruct them, I thought it no more than just to do so, as insisted upon by both counsel, even before their verdict was read, with the consequence that a juror expressed the following sentiment, plainly with the approval of most of the others: ‘ ‘ juror : That is a point that we wanted clarified. We didn’t know what the effect of that would be and we were wondering whether we should ask or not, and I think that that might have some influence on what we did.”
Manifestly, the jurors had first surmised that a rule of comparative negligence would be applied if the child, as well as the board, was found to have lacked care. Once this surmise was laid to rest, the majority of them were moved to reverse themselves.
*557 It is undeniably true that the power of the court to require a jury to reconsider a verdict already rendered should be sparingly exercised (Snyder v. Bopp, 240 App. Div. 989, affd. 264 N. Y. 576, rearg. den. 264 N. Y. 670 [1934]). The exercise here of that power was, however, the result of not one, but two distinct demands by counsel for the objecting defendant for clarifying instructions, and to suggest now, as counsel does by innuendo (through a quote in his brief from the Snyder case, swpra) that I gave no reason for sending the jury back in the case at hand is both deceptive and unfounded.
At any rate, a jury retains the power to alter its verdict in order to conform to its real intent (Spielter v. North German Lloyd S.S. Co., 232 App. Div. 104; Warner v. New York Cent. R.R. Co., 52 N. Y. 437, 441, 442; Bernard v. Seyopp Corp., 11 A D 2d 140). Moreover, where, as here, it is plain that the jurors are uncertain about the possibility of inconsistency in their determination, the court has a positive duty, prior to finalization of a verdict, to reinstruct and require reconsideration (Ortiz v. Wood, 30 A D 2d 636; see, also, Reilly v. Shapmar Realty Corp., 267 App. Div. 198; Thorsen v. Metzgar, 278 App. Div. 421; White v. Hussey, 191 Misc. 193; Goines v. Pennsylvania R.R. Co., 3 A D 2d 307).
I would be less than frank were I not to indicate that had it not been for the circumstance of a prior contrary verdict, I would order judgment for plaintiffs rather than a retrial, for it is entirely inconceivable to me upon the evidence that this child, whose status is so close to that of one non sui juris, could be chargeable with lack of care while playing in a doll house of a kindergarten underneath a pot of boiling water placed by a teacher in so hazardous an area of play.
Plaintiffs’ motion for a mistrial and retrial is granted. The order to be settled on notice in accord herewith shall fix January 13, 1969 as a date for such retrial at Trial Term, Part VI, subject to the convenience of the Justice there presiding.