Underwriters National Assurance Company (Underwriters), a Corporation, defendant below, appeals from judgments on jury verdicts in favor of Carl Preston Posey (Posey), plaintiff below, in two separate suits consolidated for trial. We affirm.
 Case
Posey filed two actions against Underwriters, claiming damages, under the complaints as amended, in the amounts of $9,400 and $9,539 respectively. Posey alleged the monies were due under two insurance policies, each providing for disability income and "accident-medical benefits." His claim is based on the allegation that his losses were the result of injuries suffered in an "accident."
The actions were consolidated for trial. The jury returned a verdict for Posey in the amount of $9,400 in the first action and $4,000 in the second. Judgments were entered accordingly. Underwriters' motion for a new trial was denied.
 Facts
In 1968 Posey purchased two insurance policies from Underwriters. Each policy provided three types of benefits relative to this case. Each policy provided for disability income, in the amount of $200 monthly, for a period of twenty-four months where disability resulted from sickness and for life where such disability was the result of an accident. Each provided a $5,000 benefit for the loss of sight, and of both eyes, up to $1,000 for actual medical expense ("accident-medical benefits"). The second policy, however, contained a special endorsement precluding duplication *Page 817 
of "accident-medical benefits" under the two policies.
During the years 1969 and 1970 Posey was involved in three automobile accidents. In each, Posey suffered injury above or around one of his eyes, in addition to being rendered unconscious on one of the occasions. After the first accident, Posey was fitted for, and wore eye glasses, for the first time. Some time after the third accident he began to lose his vision and eventually lost the sight of both eyes. By February of 1971, he was unable to drive his auto or operate his cotton picking machine. At that time Underwriters began paying $200 disability income benefits on a monthly basis. It continued to do so for twenty-four months. It discontinued those payments in February of 1973 contending that loss of sight by Posey was due to a disease rather than from "an accident."
From a time just after the first accident, in 1969, until initiation of these actions, Posey was examined by eight physicians from three states. Evidence (testimony of a Dr. Hightower) was presented by Posey to the effect that his loss of sight was the result of optic atrophy precipitated by injuries incurred in the three auto accidents. Underwriters presented evidence indicating that Posey's loss of sight was not caused by injuries from "accident," but was caused by disease.
 Issues
(1) Did plaintiff's redirect examination of Dr. Hightower cause illegal evidence to be admitted that entitled defendant to rebut with further illegal evidence?
(2) Were the verdicts rendered by the jury inconsistent and irreconcilable so that a new trial is required?
(3) Did the trial court err to the prejudice of defendant by not instructing the jury in its oral charge that:
 "* * * If on the other hand, you are not reasonably satisfied of the truth of the plaintiff's claim, you should find for the defendant, * * *"?
 Decision
(1) We answer number one (1) in the negative. The evidence admitted amounts merely to reiteration on redirect examination by Posey, of Dr. Hightower's opinion as to the cause of plaintiff's loss of vision. Moreover, the record shows no objection by Underwriters to any of the questions put to Dr. Hightower on redirect examination. Neither does the record reveal any objection to Underwriters' questions, put to the doctor on recross, nor was its recross examination restricted in any way by the trial court. No error occurred relating to issue (1) posed by appellant. Since appellant raises these questions for the first time on appeal, even had there been error, it could not be the basis of reversal. McDuffie v.Hooper, 294 Ala. 293, 315 So.2d 573; Fountain v. VredenburghSaw Mill Co., 279 Ala. 68, 181 So.2d 508.
(2) Appellant contends the jury verdicts are inconsistent and irreconcilable, therefore the judgments should be reversed. The inconsistency complained of lies in the discrepancy in the amount of money damages awarded by the verdicts. The two suits brought by plaintiff are identical; are based on insurance policies providing for identically the same benefits, except by endorsement to the second policy duplication of "accident-medical benefits" is precluded.
When two actions are tried together, and inconsistent verdicts are rendered, sound practice requires that both verdicts be set aside without attempt by analysis of the evidence to determine which result the jury intended. This rule of law is based upon the principle that, where verdicts are inconsistent on their face the jury has misconceived the issues presented, or was prompted by bias. Smith v. Richardson,277 Ala. 389, 171 So.2d 96; Sibley v. Odum, 257 Ala. 292,58 So.2d 896; Carter *Page 818 v. Franklin, 234 Ala. 116, 173 So. 861. Here the verdicts are consistent on their face. The rule enunciated in the cited cases is therefore not applicable to this case.
Here the only difference between the verdicts is in the amount of damages awarded the plaintiff by each. The intendments of the jury are clearly ascertainable from each verdict. In both cases the jury found for the plaintiff and against the defendant. The amount of damages awarded in each action differed, but, that does not indicate the jury misconceived the issues. There were no inconsistencies which indicated the jury either misconceived the issues or that bias prompted the verdicts.
(3) Underwriters contends the trial court gave undue emphasis to plaintiff's case by instructing the jury:
 "* * * If you are reasonably satisfied from the evidence in this case that they (sic) plaintiff's claim is true, then you should find for the plaintiff under his claim in each case. * * *"
It argues that giving this portion of the oral charge without stating the contrary proposition was misleading and should have been clarified by the trial court when exception was taken.
Under Rule 51, ARCP, reversible error occurs only where that error is prejudicial, when the trial court's instructions are viewed as an entity. Dumas v. Dumas Brothers Manufacturing Co.,Inc., 295 Ala. 370, 330 So.2d 426; Taylor v. Owen, 294 Ala. 543, 319 So.2d 672; Alabama Power Co. v. Tatum, 293 Ala. 500,306 So.2d 251. In this case the trial court instructed the jury that the burden was on plaintiff to prove, to the reasonable satisfaction of the jury, all of the material allegations in his claim. The quoted portion of the court's oral charge was not misleading. It was a correct statement of plaintiff's burden of proof, too axiomatic to call for citation of authority. To require the trial court to instruct that plaintiff's failure to carry this burden requires finding for defendant denigrates the intelligence of the jury.
The contentions of appellant fail to convince us there exists, either in the complained of "admissions of evidence" or in the trial court's oral charge, any prejudicial error. Furthermore, the jury verdicts are not inconsistent. For these reasons, the judgments from which Underwriters has taken this appeal are due to be affirmed.
AFFIRMED.
BLOODWORTH, FAULKNER, ALMON and BEATTY, JJ., concur.