PER CURIAM.
This is an appeal by Alabama Life and Disability Insurance Guaranty Association (“ALDIGA”), as the assignee of the original insurer, Hermitage Life and Health Insurance Company (“Hermitage”), from a judgment in favor of the insured, Paul Trentham (“Trentham”), based on a breach of the “payment of benefits” provision of the policy of insurance.[1] We affirm the judgment in all particulars except for the amount of damages awarded. Thus, we affirm in part; reverse in part; and remand for further proceedings by the trial court to ascertain the correct amount of recovery, as authorized by the policy.
Only two of the several issues raised here merit a full-length discussion: 1) Whether the trial court erred in not granting ALDIGA’s motion for directed verdict at the close of all the evidence and its post-judgment motion for JNOV on the ground that Trentham failed to prove the contract of insurance sued upon; and 2) whether the trial court erred in not granting ALDIGA’s post-judgment motion for a new trial on the issue of damages, or, alternatively, in not conforming the amount of the verdict to the payment provision of the policy, in light of the evidence relating to damages.
ISSUE NUMBER ONE
We agree with ALDIGA that, absent an admission by the defendant of the existence, execution, and content of the written agreement, a written contract sued upon must be put into evidence. Bell v. Washington, 373 So.2d 865 (Ala.Civ.App. 1979). We hold, however, that the totality of the circumstances, as shown here, val *197 idates the trial court’s decision to treat the document offered by the insured as the contract between the parties. ALDIGA contended at trial that the document offered by the insured showed on its face that it was not the complete policy of insurance, because page one was missing, and because page one contained the “insuring” clause.
In support of its contention on appeal, ALDIGA appended to its brief a “specimen” copy of the policy, which, it contended, is a true and correct copy of the policy in issue, but it did not offer it to the insured or otherwise offer it in evidence during trial. Indeed, the insured, by way of a request for admissions, sought to have the insurer agree that “[Hermitage] issued a health insurance policy No. 1107267 to Plaintiff”; that this “policy became effective 01/03/86 and provided coverage through 04/03/86”; and that “Exhibit A is an accurate copy of Policy No. 1107267.” After ALDIGA failed to respond within the time provided by Rule 36, A.R.Civ.P., and after Trentham filed a motion to deem the request as admitted, ALDIGA responded by admitting that Hermitage had issued a health insurance policy to the insured; by denying that the policy became effective on January 3, 1986, and provided coverage through April 3,1986; and by denying that the furnished copy was “a complete copy of the policy issued to Mr. Trentham attached to the request for admissions.”
Moreover, when ALDIGA objected to the insured’s offer of the policy into evidence, counsel for the insured challenged ALDI-GA to produce a more complete copy if it had one. To reverse for the trial court’s admitting the policy offered by the insured, under these circumstances, would violate the spirit of the applicable rules of procedure, particularly where, as here, the missing “insuring” clause, in its operative effect, is not self-executing but is dependent upon the “schedule of benefits” provisions as contained in the admitted copy of the policy. In so holding, we recognize that the trial of a lawsuit does not take place in a social parlor, where lawyers, as advocates for the litigants, are required to observe the rules of polite etiquette; but neither do the rules of procedure governing such trials contemplate a blood-letting battle by ambush, particularly in those areas involving objective physical documents and other data that are pertinent to the case but that are not embraced within the controverted material issues.
ISSUE NUMBER TWO
Initially, we observe that we are dealing here with an entirely different matter from that addressed in Issue Number One. The insured’s benefits are necessarily dictated by the specific language of the policy claimed upon and can not be proved through generalizations and approximations. Smith v. Richardson, 277 Ala. 389, 171 So.2d 96 (1965); and Briggs v. Woodfin, 388 So.2d 1221 (Ala.Civ.App.1980). The record is clear that the jury, in its award of damages, responded to the precise calculations as contended for by counsel for the insured. That is, counsel argued that ALDIGA was liable under the policy for the full amount of the hospital, medical, and surgical expenses incurred by the insured less a deductible amount of $300. As counsel for the defendant aptly points out, this is at variance with the terms of the policy. For example, while certain scheduled expenses are 100% payable, other nonscheduled expenses are only 80% payable.
Because our careful review of the record has left us with a degree of uncertainty of the exact amount due under the policy, we can not require a remittitur of a precise amount of damages and thus affirm the judgment conditionally. Therefore, we reverse the judgment and remand the cause with instructions to the trial court, upon further hearing, with the aid of counsel for the parties, to conform the judgment to the evidence and to the policy provisions that prescribe the amount payable for each medical expense incurred.
In conclusion, we observe that counsel for the insured, in opposition to ALDIGA’s allegation of error with respect to the award of damages, points to ALDIGA’s answer to one of the propounded interroga *198 tories to the effect that, assuming the effectiveness of the policy, the benefits payable for the incurred expenses would be $23,395.25, as opposed to the $30,236.60 awarded by the jury verdict and included in the court’s final judgment. Counsel for ALDIGA correctly points out that, because Trentham failed to offer the interrogatory and its answer into evidence, such evidence is not of record for our consideration. We note, however, that, on remand, this evidence could be offered by either of the parties. By so noting, we are not to be understood as suggesting the accuracy of the $23,395.25 figure; rather, such a determination is better left to the trial judge upon a further hearing upon this narrow issue.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
JONES, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.

. The original complaint was filed against Hermitage and its soliciting agent in December 1985 based on fraud and conversion, alleging that in July 1985 Trentham had applied for, and had paid a three-month premium on, a policy of health insurance that had never been issued. Hermitage filed its answer and issued the policy in question on the same date — January 3, 1986. Trentham was hospitalized for open-heart surgery in February 1986. Shortly thereafter, Hermitage went into receivership in Tennessee. In March 1987, Trentham amended his complaint to add ALDIGA as a defendant and claimed benefits due under his policy of insurance with Hermitage, pursuant to Alabama Code 1975, § 27-44-1 et seq.