217 So.2d 238

**William B. LINDSAY et al.**

**v.**

**Mary Jane HACKNEY pro aml.**

**William B. LINDSAY et al.**

**v.**

**James M. HACKNEY.**

**6 Div. 390, 390–A.**

Supreme Court of Alabama.

Sept. 12, 1968.

Rehearing Denied Jan. 9, 1969.

London, Yancey, Clark & Allen and Rives, Peterson, Pettus & Conway, Birmingham, for appellants.

Jones & Landrum, Birmingham, for appellees.

PER CURIAM.

Mary Jane Hackney, a minor, suing by her father and next friend, sued the defendants, William B. Lindsay, Henry Kelly McBride and H. R. McBride, for personal injuries. Mary Jane was struck while a pedestrian by an automobile owned by William B. Lindsay and being operated by Henry Kelly McBride, the minor son of H. R. McBride.

In addition to this law suit Mary Jane's father filed a suit for loss of services of his minor daughter against the same defendants. The two cases were consolidated and tried together under the provisions of Tit. 7, § 221, Code 1940.

The jury having heard the evidence in both cases returned a verdict in favor of the defendants in Mary Jane's case. It then returned a verdict in favor of the plaintiff, her father, in the loss of services case, fixing his damages at $300. The plaintiffs in each case then filed a motion for a new trial contending that a fatal inconsistency existed between the two verdicts rendered by the jury. This motion was granted and the defendants have appealed.

The issue then is whether or not when a case is consolidated for trial the rendering of inconsistent verdicts requires a new trial. We are confronted at the outset with Smith v. Richardson, 277 Ala. 389, 171 So.2d 96, in which this question was answered in the affirmative. There is no question but that the verdicts rendered here are inconsistent. In one the jury found for the defendants; in the other it found for the plaintiff. The issue in each case was identical.

Since this question has already been decided in Smith v. Richardson, 277 Ala. 389, 171 So.2d 96, we reaffirm the decision in that case and affirm the action of the trial court in granting the motions for a new trial. Appellant cites and relies in part on Brown v. Parker, 217 Ark. 700, 233 S.W.2d 64. That case is not apt authority because there all the consolidated suits were independent actions for personal injuries, and none was a derivative suit as is one of the cases here.

Affirmed.

All the Justices concur except SIMPSON, J., who dissents.

SIMPSON, Justice (dissenting).

In my judgment the majority opinion (if you may call it such) is erroneous and a misconstruction of the prevailing decisions. Although I concurred in the opinion reached in the *Smith* case, I think that decision is wrong. That case disregards the clear intention of the legislature in providing for consolidated trials in § 221, Title 7. The whole purpose of Title 7, § 221, providing for consolidated trials was to save time and expense in the trial of lawsuits. It was never intended to create substantive differences in the trial of cases, i. e., it was never intended that different substantive rules would govern simply because two cases were consolidated for trial. In fact this court has so held: "'In its conception that statute was designed for the sole purposes of saving the time of the court and the costs to the litigants.'" Ex Parte Ashton, 231 Ala. 497, 165 So. 773, 104 A.L. R. 54. In Sloss-Sheffield Steel & Iron Company v. Willingham, 243 Ala. 352, 10 So.2d 19, we recognized that the purpose of the statute was simply to save time, unnecessary costs and expense and noted, "In so holding, we are not unmindful that under the facts presented by this record the suits consolidated remain separate as to the parties, pleadings and judgment". We have further said that "* * * an order of consolidation did not destroy the identity of the several causes of action or combine them into one suit, but the causes of action remained separate and distinct and required separate verdicts as to each". Ex Parte Mount, 242 Ala. 174, 5 So.2d 637.

Under the treatment of *Smith,* supra, the court is changing this interpretation of that statute and is adding an additional requirement, viz., "and the separate verdicts rendered to stand, must be consistent". Under *Smith* we were saying that consolidated trials differ materially from separate trials in that in separate trials there can be no objection to the verdicts rendered on the ground that they are inconsistent. However, if the same cases are consolidated for a single trial, to one jury instead of two, the court is saying that the verdicts rendered must be consistent or the judgments rendered must be set aside. I believe that to superimpose this requirement on this statute is to completely emasculate what the legislature intended.

To abide by that construction of our consolidation statute would mean that there would be no end to litigation in consolidated suits until such time as the jury returned consistent verdicts in the two cases, or until such time as the cases were tried separately. Such cannot be the law. The plain meaning of Title 7, § 221 is that there is no requirement that the jury return consistent verdicts simply because the cases have been tried together. The statute simply does not so specify.

The legislature has not written into the consolidation statute the requirement that verdicts rendered thereunder be consistent, and it is the belief of the writer that the court was wrong when it so ruled in Smith v. Richardson. It did so, however, and I think that the same should be overruled.