JONES, Justice.
Where primary and derivative claims in a consolidated action result in a jury verdict awarding damages to the injured wife and a defendant’s verdict in the husband’s case; where the only defense in the husband’s suit is a general denial; and where the *92 evidence is uncontradicted that the husband suffered some damages not claimed by his wife, is the husband entitled to a new trial on the ground of inconsistent jury verdicts? Yes; we reverse and remand.
We emphasize at the outset that our affirmative reply to the issue here presented is necessarily dependent upon the factual accuracy of each of the premises set out in the above stated question. Counsel for ap-pellees (defendants below) accepts premise No. 1 — -that the jury, in a single trial of the two claims awarded damages to the wife, and returned a defendant’s verdict in the husband’s case — and premise No. 2 — that, as to the issue of liability, there was no legal basis for different verdicts. He does not accept premise No. 3 — that there was uncontradicted evidence of some damage to the husband.
Before treating appellee’s contention with respect to this latter premise, we will first discuss two additional contentions, each of which assumes arguendo that our statement of the issue here presented is factually accurate.

Only Derivative Action, Not Primary Action, Appealed

First, it is contended that while “[t]he jury in this case returned verdicts of $5,243.12 for the wife on the primary action and for the defendants-appellees on the husband’s derivative action, ... the appellants have appealed only the unfavorable verdict in the husband’s action. Such an appeal of only one-half of the verdict results in an anomalous situation. The jury possibly could have concluded that the total damages to which both the husband and wife were entitled were $5,243.12, and then awarded it all in the wife’s case.”
The only authority cited for this proposition is an Illinois intermediate appellate court case of Kimmel v. Hefner, 36 Ill.App.2d 137, 183 N.E.2d 13 (1962), which contains the following language:
“We have no means of knowing whether the jury decided the allowance of $13,-000 to Mrs. Kimmel was sufficient benefit to Mr. Kimmel to offset his damages, or whether his claims seemed unreasonable to them .

“The jury may have considered the award to the wife as adequate to the family, and denied a separate recovery to the husband for that reason But if that were the fact, then it would be manifestly unfair to reverse and order a new trial as to the husband’s claim alone, without the possibility of adjusting the other verdict to fit.
“ ‘. . . [T]he award should not be disturbed, unless the objective evidence positively and unequivocally shows that damages, clearly proven, have been overlooked . .
We are unfamiliar with the rules of practice and procedure in Illinois, but this language of the Illinois Court of Appeals is strange and unsuited to our practice.
Our practice and procedure contains no requirement that, where two separate claims are consolidated in a single action, the prevailing party plaintiff must appeal as a prerequisite to the losing party plaintiff’s right of appellate review. Indeed, such a rule would presuppose that the losing party had control, or right of control, of the prevailing party — an obvious non-fact which the law will not assume. In the present posture of the instant case, we cannot deny this appellant appellate review on the ground that his husband’s primary action stands finally adjudicated without appeal.

Inconsistency Waived by Failure to Object

Next, appellees contend:
“If, in fact, the verdicts were inconsistent (which appellees emphatically deny), the appropriate course of action would have been for appellants to have made an objection prior to the jury’s discharge. The jury could have then been given appropriate instructions by the trial judge and the opportunity to correct any defect or inconsistency. That might well have resulted in the jury possibly prorating the $5,272.58 award between the two appel *93 lants or otherwise resolving the inconsistency.”
In support of this contention, appellees cite one Alabama case (Bradley v. Jones, 282 Ala. 331, 211 So.2d 465 (1968)), and a Delaware case (Hamilton v. Wfang, 221 A.2d 605 (Del.1966)). Both cases deal with the necessity to object to a verdict defective as to form, and both cases are inapposite here. It is a verdict correct as to form but adverse as to substance to which this appeal is directed. While the trial Court may direct appropriate efforts toward correcting inconsistent verdicts if called to his attention before the jury is discharged, we find no prohibition against raising the issue of inconsistent verdicts for the first time on motion for new trial.

Failure of Proof of Damages

Finally, counsel for appellees asserts:
“Insofar as the determination of appel-lees-defendants’ negligence is concerned, the reasoning of appellants-plaintiffs is correct. The defendants cannot be found negligent as to one plaintiff but not negligent to another where the act complained of is the same, assuming no question of contributory negligence. However, the negligence of the defendants is not the only element the plaintiff must prove to establish a cause of action which would entitle him to recovery. He must prove that he was injured thereby and, must also prove to the reasonable satisfaction of the jury the amount of damages he sustained.”
This is a forthright and accurate statement of the rule. It is stated in Smith v. Richardson, 277 Ala. 389, 171 So.2d 96 (1965):
“The burden is upon one claiming damages to establish the existence of, and the amount of such damages by competent evidence.”
Appellees maintain, however, “that appellants failed to prove the reasonable amount of the medical expenses that were related, if, in fact, any were related to the accident. Having thus failed to uphold their burden, an essential element of Mr. Lewis’ action is missing and a verdict for the appellees was therefore proper.”
Before addressing the quantitative evi-dentiary issue, we feel constrained to comment upon the Court of Civil Appeals’ opinion in Harden v. Alabama Great Southern R. R. Co., 45 Ala.App. 301, 229 So.2d 803 (1969), cited by appellees/defendants for the legal proposition that these husband and wife verdicts were “different but not inconsistent”. At page 305, 45 Ala.App., at page 806, 229 So.2d, it is stated:
“If damage to the husband in some measurable amount must necessarily follow proof of personal injury and right to recover by the wife, there would be no defense to the derivative action by the husband. It must follow that the husband would be entitled to the affirmative charge without hypothesis as to damages in some amount. This would be true in consolidated actions. It would then follow that right to recover, and damages in some amount, would be due in separate but nonconsolidated suits brought by the husband if it has been previously determined that the wife was entitled to recover for personal injuries. The matter of injury and right to damages would be res judicata and only the amount of damages would remain to be determined.
“We do not believe this to be the law nor should it be the law in this State.” [Emphasis added.]
The reasoning and conclusion in the first (unemphasized) portion of the above-quoted language from Harden is correct. As the general rule set out above makes clear, proof of existence and amount of damages is essential to recovery. Put another way, the husband’s right of recovery for consequential damages is not axiomatic where the jury returns a verdict in favor of the wife for personal injuries. Each claim contains its own elements and burden of proof— “ . . both proof that [plaintiff] has actually sustained a loss from defendant’s improper conduct and evidence from which the amount of such damage can be determined with a reasonable degree of accura *94 cy.” United States v. U. S. Steel Corp., 371 F.Supp. 1045 (N.D.Ala.1973).
Likewise, the holding in Harden is patently correct. The Court found a total lack of proof of the husband’s only claim of damages — loss of consortium and society of his wife.
It is the second (emphasized) portion of this quoted language with which we disagree. The analogy of a single jury’s verdicts in consolidated primary and derivative actions with separate verdicts by two different juries is fallacious reasoning. This overlooks “opposite results” which are permissible in the case of two juries viewing the same transaction and “inconsistent verdicts” which are impermissible in the case of a single jury trying two claims in a consolidated action.
Res judicata is operatively precluded in the case of separate trials by lack of identity of parties. That two juries viewing the same transaction can come to opposite conclusions has long been recognized in Alabama. See, Judge Cates’ concurring opinion in United Security Life Insurance Company v. Clark, 40 Ala.App. 542, 115 So.2d 911 (1959).
More appropriate is the analogy of inconsistent verdicts against two separate defendants in respondeat superior cases. If the proof shows that the principal could have acted only through the named employee defendant, a verdict against the principal only is inconsistent and will be set aside. On the other hand, if the proof shows the employer acted through another agent or employee, such a verdict is not erroneous as being inconsistent. The Alabama Great Southern Railroad Company v. Evans, 288 Ala. 25, 256 So.2d 861 (1972).
In either case, whether the issue is one of damages or one of liability, proof of the legally essential elements is the touchstone in determining the permissible limits of inconsistency of jury verdicts. Simply stated, whether in separate or consolidated trials, the jury verdict or verdicts, when tested by the proof, will be set aside if found to be legally irreconcilable.
We return now to an application of this test to the proof in the instant case. It is important to note that the husband, Mr. Lewis, is claiming as his damages the medical expenses incurred as a result of the injuries suffered by his wife in the accident. This claim for special damages was not made by the wife. Investigation of the transcript reveals that Mr. Lewis incurred the following expenses as a result of his wife’s injuries:
(1) Mobile Infirmary (first hospitalization) $ 1,873.37
(2) Mobile Infirmary (second hospitalization) 2,520.06
(3) Dr. John E. Semon 610.00
(4) Drugs 260.00
This evidence was submitted without objection at the trial of the law suit. Mr. Lewis then elicited from Dr. Semon, who placed Mrs. Lewis in the hospital, that, in his opinion, these expenses were “medically necessary.” The certificate accompanying the hospital records attests to the reasonableness of the hospital charges. Tit. 7, § 383(3), Code.
To be sure, the jury was free to disbelieve all the plaintiffs’ claims: that the defendant was negligent; or that Mrs. Lewis suffered any injury proximately resulting from the accident. By its verdict, however, the jury found that she suffered injuries proximately resulting from defendant’s negligence.
We have been cited to no Alabama cases, and we find none, where inconsistent judgments involved uncontradicted special damages. This is the important factor that distinguishes the instant case from Harden v. Alabama Great Southern R. R. Co., 45 Ala.App. 301, 229 So.2d 803 (1970). In Harden, the husband’s claim for loss of consortium and a $65 doctor bill for psychiatric aid was denied by the jury, while, at the same time, it allowed the wife’s claim for injuries to her nervous system. In discussing the psychiatrist’s bill, the Harden Court stated:
“In the case at bar, no showing was made in the trial court that the $65.00 Mr. Harden paid to the psychiatrist who *95 treated his wife was a reasonable expense or charge. The charges of a psychiatrist are not matters of common knowledge, but rather are matters for expert opinion. No expert testified as to the reasonableness of the charge for medical services rendered.”
In this case, however, there was expert testimony, aided by Tit. 7, § 383, Code, that these damages were reasonable and necessary; thus, the Harden rule is inapplicable.
More appropriate, by way of analogy, are the cases of Smith v. Richardson, 277 Ala. 389, 171 So.2d 96 (1965), and Lindsay v. Hackney, 283 Ala. 372, 217 So.2d 238 (1968). In each of these cases, a jury verdict was rendered in favor of the father under his derivative claim for losses incurred as a result of injuries to his minor child. In each case, because the jury verdict was in favor of the defendant in the child’s suit (consolidated with that of the father’s suit), the parent’s judgment was set aside on appeal as inconsistent.
The same legal principle of irreconcilable verdicts, applied in Smith and Lindsay, requires the Court to reverse and remand this case for a new trial.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.