MADDOX, Justice.
This is a case in which the appellant claims the trial jury rendered inconsistent verdicts. Florence Wickham and her son, Frankie Wickham, were injured when the automobile in which they were traveling was struck from behind by a school bus driven by Andy Boyd Cotten, appellee. As a result of the accident, Mrs. Wickham and her son incurred back injuries which were diagnosed as cervical strain, commonly known as whiplash. In addition, Mrs. Wickham was hospitalized and surgery was performed to remedy a herniated disc.
Mrs. Wickham’s husband, Franklin Wick-ham, Jr., appellant, testified that he was responsible for paying the medical expenses incurred by his wife and son for the treatment they received as a result of the accident. He testified that the total of the medical bills amounted to $19,108.45. He then identified the various bills and attributed each one to the particular treatment received or service rendered.
Mrs. Wickham and her son brought suit for pain and suffering, and the jury rendered a verdict in her favor in the amount of $15,000; the jury also rendered a verdict in favor of her son Frankie in the amount of $5,000. Mr. Wickham brought suit seeking compensation for reasonable and necessary medical expenses, which he claimed were proximately caused by appellee’s negligence. The jury made no award to him. His motion for a new trial was denied and he appeals here.
Mr. Wickham contends that because the jury resolved the liability issue in favor of the plaintiffs, the jury’s failure to award reasonable and necessary medical expenses was inconsistent and, thus, that the court erred in not granting him a new trial. He cites Stinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala.1980); Monteleone v. Trail Pontiac, Inc., 395 So.2d 1003 (Ala.Civ.App.1980), cert. denied, Ex parte Trail Pontiac, Inc., 395 So.2d 1005 (Ala.1981); Lipham v. McElroy, 57 Ala.App. 96, 326 So.2d 290 (1976). He also contends that the instant case is directly on point with City of Tallassee v. Harris, 431 So.2d 1177 (Ala.1983). We agree.
In Harris, plaintiffs sued for damages arising out of an automobile accident. The jury awarded damages to the driver but failed to award proven and uncontradicted medical expenses to the party obligated to pay the medical expenses. In Harris this Court held:
“In the instant case, ... the mother made no claim for Michelle’s medical expenses; only Frank Harris made that claim, and Frank Harris was the party who presented evidence on that issue. He presented evidence of medical bills on which his name was typed as obligor. He presented evidence that the medical expenses were reasonable and necessary. Likewise, he presented evidence of the damage to his automobile.
“We have reviewed the evidence, the instructions of the trial court to the jury, and we are of the opinion that the jury, having found liability on the part of the city, should have awarded Frank Harris some damages on his claims. A verdict contrary to the uncontradicted evidence should be set aside on a motion for a new trial. Matthews & Morrow v. Batson, 218 Ala. 378, 118 So. 749 (1928).
a * * *
“The jury was ... instructed specifically regarding Frank Harris’s claim.
“In Lewis v. Moss, 347 So.2d 91 (Ala.1977), this Court articulated a method of testing whether verdicts which may appear to be inconsistent are in fact inconsistent:
“ ‘In either case, whether the issue is one of damages or one of liability, proof of the legally essential elements is the touchstone in determining the permissible limits of inconsistency of jury verdicts. Simply stated, whether in separate or consolidated trials, the jury verdict or verdicts, when tested by *390 the proof, will be set aside if found to be legally irreconcilable.’ 347 So.2d at 94.
“After carefully reviewing the evidence, the instructions of the trial court to the jury, and the applicable principles regarding inconsistent verdicts, we are of the opinion that Frank Harris is entitled to a new trial on his claim for medical expenses and damages to his automobile, but that the city is not entitled to a new trial on Michelle’s claim of liability for her personal injuries.”
431 So.2d at 1185-1186.
Mrs. Wickham and Frankie were examined by medical doctors immediately after the accident. Although there is contradictory evidence regarding Mrs. Wickham’s injury to the lumbar spine and as to whether it was a result of the accident or a pre-existing injury, there is evidence regarding Mrs. Wickham’s and Frankie’s injuries to the cervical area which is directly attributable to the accident. Thus, we find the evidence was uncontradicted that Mr. Wickham suffered some damages not claimed by his wife and son.
We have examined the record in this case and we are convinced that at least a portion of the medical expenses claimed by Mr. Wickham were shown by uncontradicted evidence to be the necessary and proximate result of defendant’s negligence. Therefore, applying the rule set out in Lewis v. Moss, 347 So.2d 91 (Ala.1977), we find that here the jury’s verdict was inconsistent. By reversing and remanding the cause we should not be understood as holding that Mr. Wickham is entitled to all of the medical expenses which he claimed in his complaint, but only that he is entitled to those which he shows were proximately caused by the negligence of the defendant, including any damage which aggravated or activated a pre-existing injury. Cooper v. Magic City Trucking Service, Inc., 288 Ala. 585, 264 So.2d 146 (1972).
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.