BRADLEY, Presiding Judge.
This appeal is from a directed verdict entered in favor of the defendant.
Jack Gibson filed a bailment action against Union Camp Corporation, contending that it had negligently damaged a tractor and trailer owned by him. He further alleged that the damage occurred while a load of wood chips was being unloaded at Union Camp’s Prattville wood yard.
Union Camp filed an answer denying that it was negligent, and it also filed a motion in limine questioning title to the tractor.
The case went to trial before the court and a jury. At the close of plaintiff’s case, defendant requested and was granted a directed verdict. Among the reasons given for the directed verdict was the lack of proof of the amount of damages.
The rule is well settled that one cannot recover damages for the negligence of another without proving that he has been damaged and the amount of those damages. Lewis v. Moss, 347 So.2d 91 (Ala. 1977).
After a careful examination of the record in the case at bar, we are unable to find any evidence as to the amount of damage suffered by the plaintiff. As noted above, plaintiff’s case fails for lack of proof, as an essential element of his action, i.e. evidence of the amount of damages, is lacking. Thus, the trial court properly granted a directed verdict in favor of the defendant.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES, J., concurs.
INGRAM, J., recuses himself.