579 So.2d 1319 (1991)
Bobby D. BARNES, individually and as Administrator of the Estate of Nora Lee Barnes, deceased
v.
Nadelia R. OSWALT, as Executrix of the Estate of William Elrod Oswalt, deceased.
89-1640.
Supreme Court of Alabama.
April 11, 1991.
*1320 Lanny S. Vines and D. Bruce Petway of Emond & Vines, Birmingham, for appellant.
Wilbor J. Hust, Jr. of Zeanah, Hust, Sumerford, Davis & Frazier, Tuscaloosa, for appellee.
HORNSBY, Chief Justice.
This case involves claims for damages based on personal injury and wrongful death. The issue is whether the trial court erred in denying the plaintiff's motion for new trial; that motion asserts that the jury verdict for the plaintiff on his personal injury claim and its verdict for the defendant on the plaintiff's wrongful death claim are inconsistent. We agree that the verdicts are inconsistent, and we reverse and remand.
Bobby D. Barnes ("Barnes"), individually and as administrator of the estate of Nora Lee Barnes, his deceased wife, sued the estate of William Oswalt ("Oswalt") for damages based on injuries he sustained and based on the death of his wife resulting from an automobile collision. On September 9, 1988, Barnes and his wife were on their way to work when their automobile collided with that of Oswalt, who Barnes alleges was traveling in the wrong lane. Barnes was driving at the time of the accident. Oswalt was the only person in his automobile at the time of the accident. The jury returned a verdict of $15,000 for Barnes's injuries and a verdict for the estate of Oswalt on the wrongful death claim.
Barnes argues that the jury's verdicts are inconsistent because both claims arose from the same act of negligence. He also argues that the issue of inconsistent verdicts was timely raised in his motion for new trial.
Oswalt argues that the jury's verdicts are not inconsistent because the kinds of damages sought on the two claims differ, i.e., damages for personal injury claims are compensatory while damages for wrongful death are punitive. Oswalt also argues that Barnes is precluded from raising the issue of inconsistent verdicts because Barnes failed to object to the trial court's oral charge to the jury and thus waived the right to raise the issue in a motion for new trial.

Timeliness-of-Objection Issue
We must first decide whether Barnes timely raised his inconsistent-verdicts argument in his motion for new trial.[1] We find that the cases of Lewis v. Moss, 347 So.2d 91 (Ala.1977), and A.L. Williams & Assocs., Inc. v. Williams, 517 So.2d 596 (Ala.1987), are dispositive of this issue, and we hold that Barnes's inconsistent-verdicts argument was timely raised in the motion for new trial. See also Stinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala.1980).
In Lewis, where the jury returned a verdict for the wife but not the husband in a consolidated negligence action, this Court stated:
"It is a verdict correct as to form but adverse as to substance to which this appeal is directed. While the trial court may direct appropriate efforts toward correcting inconsistent verdicts if called to [its] attention before the jury is discharged, we find no prohibition against raising the issue of inconsistent verdicts for the first time on motion for new trial."
347 So.2d at 93 (emphasis in original). Additionally, in Williams, where a jury returned a plaintiff's verdict on the wife's loss of consortium claim but not on the husband's interference-with-business-relations claim, this Court, relying on Lewis, stated that, after the discharge of the jury, objection to the verdict in a post-judgment motion for new trial was not filed too late.[2]
*1321 In this case, neither party objected to the verdict forms submitted to the jury. Instead, Barnes objected to the jury's verdicts because of the alleged inconsistency. This objection was not raised until Barnes made his motion for new trial. Because Barnes's objection was directed to the actual verdicts rendered by the jury and not to the verdict forms submitted to the jury, we hold that Barnes's inconsistent-verdicts argument was timely raised in the motion for new trial and that that argument was not waived.

Inconsistent Verdicts Issue
We next consider whether the trial court erred in denying Barnes's motion for new trial on the ground that the jury verdicts were inconsistent. We conclude that the trial court did err, because we conclude that the verdicts are inconsistent.
In Smith v. Richardson, 277 Ala. 389, 171 So.2d 96 (1965), this Court considered whether the same jury could find the defendant not negligent in one case but negligent in another case where the evidence was the same. In Smith, Theresa Smith sued Arnett Richardson, alleging negligence and willful and wanton conduct. Theresa was a minor and she sued through her father as next friend. Her father, Coy Smith, sued Richardson also, alleging negligence. The two cases were consolidated for trial. The jury returned a verdict for Richardson in Theresa's case, and a $5,165 verdict for Coy Smith in his case. The trial court denied both parties' motions for new trial. The parties alleged that the jury verdicts were inconsistent because the verdicts were based on the same evidence, both cases involved the same defendant, and the same jury rendered the verdicts.
In reversing the trial court's denial of the motions for new trial, this Court stated:
"The verdicts, clearly inconsistent, having been rendered at the same time by the same jury, on identical facts, renders speculative what the jury intended by its verdicts. Patently, the verdicts indicate confusion on the part of the jury.
"Coy Smith's claim for damages was dependent upon negligence on the part of Richardson toward Theresa, as was of course Theresa's claim for damages. The jury by their verdict in Theresa's case negatived any negligent conduct by Richardson toward her, yet at the same time and on the same facts found that Richardson was negligent toward Theresa in Mr. Smith's case.
"While the two judgments now on review were based on separate complaints filed by separate parties, and were rendered on separate verdicts, yet in truth and in fact the separate cases were joined for trial, and the verdicts rendered on the identical facts. This fact cannot be disregarded on review. ..." *1322 Id. at 391-92, 171 So.2d at 97 (citations omitted).
Also, in Lewis v. Moss, supra, this Court addressed the Court of Civil Appeals' opinion in Harden v. Alabama Great Southern R.R., 45 Ala.App. 301, 229 So.2d 803 (1969),[3] and stated:
"It is the second (emphasized) portion of this quoted language with which we disagree. The analogy of a single jury's verdicts in consolidated primary and derivative actions with separate verdicts by two different juries is fallacious reasoning. This overlooks `opposite results' which are permissible in the case of two juries viewing the same transaction and `inconsistent verdicts' which are impermissible in the case of a single jury trying two claims in a consolidated action.
"Res judicata is operatively precluded in the case of separate trials by lack of identity of parties. That two juries viewing the same transaction can come to opposite conclusions has long been recognized in Alabama.
"More appropriate is the analogy of inconsistent verdicts against two separate defendants in respondeat superior cases. If the proof shows that the principal could have acted only through the named employee defendant, a verdict against the principal only is inconsistent and will be set aside. On the other hand, if the proof shows the employer acted through another agent or employee, such a verdict is not erroneous as being inconsistent.
"In either case, whether the issue is one of damages or one of liability, proof of the legally essential elements is the touchstone in determining the permissible limits of inconsistency of jury verdicts. Simply stated, whether in separate or consolidated trials, the jury verdict or verdicts, when tested by the proof, will be set aside if found to be legally irreconcilable."

347 So.2d at 94 (emphasis supplied). See also Lindsay v. Hackney, 283 Ala. 372, 217 So.2d 238 (1968).
In the present case, the jury returned a verdict for Barnes on his personal injury claim but returned a verdict for Oswalt on the wrongful death claim. The jury reached its decision based upon the same alleged negligent act of driving on the wrong side of the road. In essence, the jury found the defendant negligent on the personal injury claim, but not negligent on the wrongful death claim, even though both claims arose from the same circumstances. We recognize that damages under personal injury actions and wrongful death actions differ. In personal injury actions damages are compensatory in nature, while damages in wrongful death actions are punitive in nature. Although the jury has discretion in awarding punitive damages, an award of punitive damages cannot stand where the jury has mistaken the rules of law in awarding such damages. United States Fid. & Guar. Co. v. Birmingham Oxygen Serv., Inc., 290 Ala. 149, 274 So.2d 615 (1973); Hardin v. Sellers, 270 Ala. 156, 117 So.2d 383 (1960); Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77 (1954); Board of Trustees of the Univ. of Alabama v. Harrell, 43 Ala.App. 258, 188 So.2d 555 (1965), cert. denied, 279 Ala. 685, 188 So.2d 558 (1966). See also C. Gamble, Alabama Law of Damages § 37.10 (1988); L. Jeffries, Wrongful Death Actions: The Law in Alabama § 13-7 (1979 and 1989 Supp.). In this case it appears that the jury misconceived the issues presented to *1323 it. As this Court stated in Underwriters Nat'l Assurance Co. v. Posey, 333 So.2d 815, 817 (Ala.1976):
"When two actions are tried together, and inconsistent verdicts are rendered, sound practice requires that both verdicts be set aside without attempt by analysis of the evidence to determine which result the jury intended. This rule of law is based upon the principle that, where verdicts are inconsistent on their face the jury has misconceived the issues presented, or was prompted by bias."
The verdicts in the present case are not consistent, nor are they reconcilable under these facts. Consequently, the trial court erred in not granting Barnes's motion for new trial, and we reverse the judgment and remand the case for a new trial.
REVERSED AND REMANDED.
ADAMS, KENNEDY and INGRAM, JJ., concur.
HOUSTON, J., concurs in the result.
HOUSTON, Justice (concurring in the result).
If the act or omission of William Elrod Oswalt proximately caused the automobile collision and, consequently, the injury to Mr. Barnes, whose contributory negligence was alleged to have been the proximate cause of both his injury and his wife's death, then Mr. Oswalt's act or omission proximately caused Ms. Barnes's death, for there was no contention, or evidence suggesting, that Ms. Barnes's death was caused by any force other than the automobile collision. However, as the trial court noted, the jury could have found Mr. Oswalt's act or omission to be the proximate cause of Ms. Barnes's death, but still award zero damages to her estate under the trial court's instructions, which have been approved over and over again by this Court. The trial court's instructions in this case were, in pertinent part, as follows:
"In a suit brought for a negligent causing of death, the damages recoverable are punitive and are not compensatory. Damages in this type of action are entirely punitive, imposed for the preservation of human life and as a deterrent to others to prevent similar wrongs. The amount of damages should be directly related to the amount of the wrongdoing on the part of the Defendant.

"In assessing damages, you're not to consider the monetary value of the life of the decedent. Damages in this type of action are not recoverable to compensate the family of the deceased from a monetary standpoint on account of her death nor to compensate the Plaintiff for any financial or pecuniary loss sustained by him or the family of the deceased on the account of her death.
"Your verdict should not be based on sympathy, prejudice, passion or bias, but should be directly related to the culpability of the Defendant and the necessity of preventing similar wrongs in the future. Culpability relates primarily to the fault of the Defendant.

"Now, the purpose of awarding punitive or exemplary damages is to allow money recovery to the Plaintiff by way of punishment to the Defendant and for the added purpose of protecting the public by deterring the Defendant and others from doing such wrongs in the future. This imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case and the necessity of preventing similar wrongs."
(Emphasis added.) The jury returned the following verdicts:
"We, the jury, find for the Plaintiff, Bobby Barnes, individually, and against Nadelia R. Oswalt, as executrix of the estate of William Elrod Oswalt, and assess his damages at fifteen thousand.
"....
"We, the jury, find for the Defendant, Nadelia R. Oswalt, as executrix of the estate of William Elrod Oswalt, and against Bobby Barnes, as administrator of the estate of Nora Lee Barnes."
I understand completely the trial court's dilemma. If I viewed our wrongful death *1324 statute as the majority of this Court does, I would have to vote to affirm and to hold that the verdicts were not necessarily inconsistent. We have made the damages recoverable for death different in kind from the damages recoverable for personal injuries. That is, damages recoverable for death cannot compensate and are completely optional with the jury, even though death was caused by a wrong of the defendant. We have required trial courts to so instruct juries, as this learned trial court instructed this jury. It is confusing to me, and it was confusing to me and to the other eleven jurors who served with me when, while a member of this Court, I served as a juror in the trial of a personal injury case and a wrongful death case that had been consolidated for trial. As in this case, an automobile passenger's administrator sought damages for wrongful death; the affirmative defense of contributory negligence was raised as to the plaintiff/driver. As was the jury in this case, we were given separate verdict forms on which a finding in favor of each plaintiff could have been indicated and separate verdict forms on which a finding in favor of the defendant could have been indicated as to the claim of each plaintiff. As was the jury in this case, we were instructed that the imposition of punitive damages in a wrongful death case is entirely discretionary with the jury. This appears to me to make the jury's unbridled desire to punish or deter an essential element in a wrongful death action, an element that is distinct from anything in an action for personal injuries, in which the jury must fully compensate an injured plaintiff for all injuries proximately caused by the defendant's wrongful act or omission.
My view of what damages should be recoverable in wrongful death cases, first expressed in my dissent in Tatum v. Schering Corp., 523 So.2d 1042 (Ala.1988) (which I authored two years after my experience as a juror), and further expressed in my dissent in Alabama Power Co. v. Turner, 575 So.2d 551 (Ala.1991), is based upon my attempt at legal reasoning. It is not aimed at large punitive damages verdicts for death, or at defense verdicts in death cases. It is not intended to be pro-plaintiff or pro-defendant. In my opinion, the majority's major premise in interpreting Ala.Code 1975, § 6-5-410, is wrong and does not have the hallmark of legal authority in light of the constitutional text that declares that there is a right to life. See Alabama Constitution of 1901, Article I, § 1. We have looked so long at the common law that we fail to recognize rights that are created by our source document, the Constitution. This same source document grants a right to a remedy for an injury done to a person. See Alabama Constitution of 1901, Article I, § 13. To me, these provisions require a remedy for the ultimate injury to a person: death. Yet, in construing Alabama's wrongful death statute as allowing only the imposition of punitive damages, and in making the imposition of those damages optional with the jury, the majority of this Court consistently denies a remedy for death. This could have led to what, in my opinion, is the ultimate inconsistent verdict in this case, a verdict that is based upon a jury's finding that the defendant's act or omission was the proximate cause of the death of the plaintiff's decedent, but that awards no damages because the jury, exercising its discretion, elected not to punish the defendant. I surmise from the majority opinion that a decision on the jury's part not to impose punishment in this case would have made the verdict for Mr. Barnes, individually, and against Mr. Barnes, as administrator of his wife's estate, consistent. Because I simply cannot approve of the manner in which we presently treat wrongful death cases, whereby no remedy is afforded for the violation of a right that is protected by the Alabama Constitution, I must concur in the result.
NOTES
[1] A third issue raised by the parties is whether Barnes led the trial court into error. Because we reverse on other grounds, we do not address this issue.
[2] In the recent case of Norman Properties v. Bozeman, 557 So.2d 1265 (Ala.1990), this Court stated that because the defendants in that case failed to object to the choice of verdict form, not the substance, presented to the jury, and because the defendants failed to object to the verdicts before the jury was discharged, any objection to the inconsistency of the verdict forms was waived. In Norman Properties, the form submitted to the jury allowed two possibilities: (1) that the actions complained of were committed by the defendants in their individual capacity; or (2) that the actions complained of were committed in the line and scope of the partnership activities, thus obligating the defendant partnership. Based upon this jury form, the jury returned a verdict against the defendant partnership and for the individual defendants. The verdicts in Norman Properties were not inconsistent, because the jury, in finding against the partnership, decided that the partners were liable in their partnership capacity and that the liability was a partnership obligation rather than an obligation outside the line and scope of the partnership activities.

In the present case, the situation is different. As was stated in Stinson v. Acme Propane Gas Co., 391 So.2d 659, 662 (Ala.1980):
"Appellants' asserted objection is not grounded on the `form,' `irregularity,' or `informality' of the verdict; rather, it is grounded on the `inadequacy' or `inconsistency' thereof. Likewise, Appellants' failure `to object' is not within the purview of Appellees' cited authority and did not constitute nonfeasance on Appellants' part. Appellants' challenge to the jury's verdict on grounds of `inadequacy' and `inconsistency' was properly made in their motion for a new trial."
We find the reasoning in Stinson, and not Norman Properties, to apply in the present case, because in this case there was an objection to the verdict as to substance, i.e., that the verdicts were inconsistent, rather than an objection on the basis that the verdict forms were defective.
Moreover, Norman Properties did not address the issue of whether an objection based on a claim of inconsistent verdicts could be raised for the first time in a motion for new trial. Norman Properties addressed whether such an objection could be raised for the first time on appeal.
[3] "`If damage to the husband in some measurable amount must necessarily follow proof of personal injury and right to recover by the wife, there would be no defense to the derivative action by the husband. It must follow that the husband would be entitled to the affirmative charge without hypothesis as to damages in some amount. This would be true in consolidated actions. It would then follow that right to recover, and damages in some amount, would be due in separate but nonconsolidated suits brought by the husband if it has been previously determined that the wife was entitled to recover for personal injuries. The matter of injury and right to damages would be res judicata and only the amount of damages would remain to be determined.

"`We do not believe this to be the law nor should it be the law in this State.'"
Lewis v. Moss, 347 So.2d 91, 93 (Ala.1977), quoting Harden v. Alabama Great Southern R.R., 45 Ala.App. 301, 305, 229 So.2d 803, 806 (1969) (emphasis added in Lewis).