This case involves claims for damages based on personal injury and wrongful death. The issue is whether the trial court erred in denying the plaintiff's motion for new trial; that motion asserts that the jury verdict for the plaintiff on his personal injury claim and its verdict for the defendant on the plaintiff's wrongful death claim are inconsistent. We agree that the verdicts are inconsistent, and we reverse and remand.
Bobby D. Barnes ("Barnes"), individually and as administrator of the estate of Nora Lee Barnes, his deceased wife, sued the estate of William Oswalt ("Oswalt") for damages based on injuries he sustained and based on the death of his wife resulting from an automobile collision. On September 9, 1988, Barnes and his wife were on their way to work when their automobile collided with that of Oswalt, who Barnes alleges was traveling in the wrong lane. Barnes was driving at the time of the accident. Oswalt was the only person in his automobile at the time of the accident. The jury returned a verdict of $15,000 for Barnes's injuries and a verdict for the estate of Oswalt on the wrongful death claim.
Barnes argues that the jury's verdicts are inconsistent because both claims arose from the same act of negligence. He also argues that the issue of inconsistent verdicts was timely raised in his motion for new trial.
Oswalt argues that the jury's verdicts are not inconsistent because the kinds of damages sought on the two claims differ, i.e., damages for personal injury claims are compensatory while damages for wrongful death are punitive. Oswalt also argues that Barnes is precluded from raising the issue of inconsistent verdicts because Barnes failed to object to the trial court's oral charge to the jury and thus waived the right to raise the issue in a motion for new trial.
 Timeliness-of-Objection Issue
We must first decide whether Barnes timely raised his inconsistent-verdicts argument in his motion for new trial.[1] We find that the cases of Lewis v. Moss, 347 So.2d 91 (Ala. 1977), andA.L. Williams Assocs., Inc. v. Williams, 517 So.2d 596 (Ala. 1987), are dispositive of this issue, and we hold that Barnes's inconsistent-verdicts argument was timely raised in the motion for new trial. See also Stinson v. Acme Propane Gas Co., 391 So.2d 659
(Ala. 1980).
In Lewis, where the jury returned a verdict for the wife but not the husband in a consolidated negligence action, this Court stated:
 "It is a verdict connect as to form but adverse as to substance to which this appeal is directed. While the trial court may direct appropriate efforts toward correcting inconsistent verdicts if called to [its] attention before the jury is discharged, we find no prohibition against raising the issue of inconsistent verdicts for the first time on motion for new trial."
347 So.2d at 93 (emphasis in original). Additionally, in Williams, where a jury returned a plaintiff's verdict on the wife's loss of consortium claim but not on the husband's interference-with-business-relations claim, this Court, relying onLewis, stated that, after the discharge of the jury, objection to the verdict in a post-judgment motion for new trial was not filed too late.[2] *Page 1321 
In this case, neither party objected to the verdict forms submitted to the jury. Instead, Barnes objected to the jury's verdicts because of the alleged inconsistency. This objection was not raised until Barnes made his motion for new trial. Because Barnes's objection was directed to the actual verdicts rendered by the jury and not to the verdict forms submitted to the jury, we hold that Barnes's inconsistent-verdicts argument was timely raised in the motion for new trial and that that argument was not waived.
 Inconsistent Verdicts Issue
We next consider whether the trial count erred in denying Barnes's motion for new trial on the ground that the jury verdicts were inconsistent. We conclude that the trial court did err, because we conclude that the verdicts are inconsistent.
In Smith v. Richardson, 277 Ala. 389, 171 So.2d 96 (1965), this Court considered whether the same jury could find the defendant not negligent in one case but negligent in another case where the evidence was the same. In Smith, Theresa Smith sued Arnett Richardson, alleging negligence and willful and wanton conduct. Theresa was a minor and she sued through her father as next friend. Her father, Coy Smith, sued Richardson also, alleging negligence. The two cases were consolidated for trial. The jury returned a verdict for Richardson in Theresa's case, and a $5,165 verdict for Coy Smith in his case. The trial court denied both parties' motions for new trial. The parties alleged that the jury verdicts were inconsistent because the verdicts were based on the same evidence, both cases involved the same defendant, and the same jury rendered the verdicts.
In reversing the trial court's denial of the motions for new trial, this Court stated:
 "The verdicts, clearly inconsistent, having been rendered at the same time by the same jury, on identical facts, renders speculative what the jury intended by its verdicts. Patently, the verdicts indicate confusion on the part of the jury.
 "Coy Smith's claim for damages was dependent upon negligence on the part of Richardson toward Theresa, as was of course Theresa's claim for damages. The jury by their verdict in Theresa's case negatived any negligent conduct by Richardson toward her, yet at the same time and on the same facts found that Richardson was negligent toward Theresa in Mr. Smith's case.
 "While the two judgments now on review were based on separate complaints filed by separate parties, and were rendered on separate verdicts, yet in truth and in fact the separate cases were joined for trial, and the verdicts rendered on the identical facts. This fact cannot be disregarded on review. . . ." *Page 1322 
Id. at 391-92, 171 So.2d at 97 (citations omitted).
Also, in Lewis v. Moss, supra, this Court addressed the Court of Civil Appeals' opinion in Harden v. Alabama Great SouthernR.R., 45 Ala. App. 301, 229 So.2d 803 (1969),[3] and stated:
 "It is the second (emphasized) portion of this quoted language with which we disagree. The analogy of a single jury's verdicts in consolidated primary and derivative actions with separate verdicts by two different juries is fallacious reasoning. This overlooks `opposite results' which are permissible in the case of two juries viewing the same transaction and inconsistent verdicts' which are impermissible in the case of a single jury trying two claims in a consolidated action.
 "Res judicata is operatively precluded in the case of separate trials by lack of identity of parties. That two juries viewing the same transaction can come to opposite conclusions has long been recognized in Alabama.
 "More appropriate is the analogy of inconsistent verdicts against two separate defendants in respondeat superior cases. If the proof shows that the principal could have acted only through the named employee defendant, a verdict against the principal only is inconsistent and will be set aside. On the other hand, if the proof shows the employer acted through another agent or employee, such a verdict is not erroneous as being inconsistent.
 "In either case, whether the issue is one of damages or one of liability, proof of the legally essential elements is the touchstone in determining the permissible limits of inconsistency of jury verdicts. Simply stated, whether in separate or consolidated trials, the jury verdict or verdicts, when tested by the proof will be set aside if found to be legally irreconcilable."
347 So.2d at 94 (emphasis supplied). See also Lindsay v. Hackney,283 Ala. 372, 217 So.2d 238 (1968).
In the present case, the jury returned a verdict for Barnes on his personal injury claim but returned a verdict for Oswalt on the wrongful death claim. The jury reached its decision based upon the same alleged negligent act of driving on the wrong side of the road. In essence, the jury found the defendant negligent on the personal injury claim, but not negligent on the wrongful death claim, even though both claims arose from the same circumstances. We recognize that damages under personal injury actions and wrongful death actions differ. In personal injury actions damages are compensatory in nature, while damages in wrongful death actions are punitive in nature. Although the jury has discretion in awarding punitive damages, an award of punitive damages cannot stand where the jury has mistaken the rules of law in awarding such damages. United StatesFid. Guar. Co. v. Birmingham Oxygen Serv., Inc., 290 Ala. 149,274 So.2d 615 (1973); Hardin v. Sellers, 270 Ala. 156, 117 So.2d 383
(1960); Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77 (1954); Boardof Trustees of the Univ. of Alabama v. Harrell, 43 Ala. App. 258,188 So.2d 555 (1965), cert. denied, 279 Ala. 685, 188 So.2d 558
(1966). See also C. Gamble, Alabama Law of Damages § 37.10 (1988); L. Jeffries, Wrongful Death Actions: The Law in Alabama § 13-7 (1979 and 1989 Supp.). In this case it appears that the jury misconceived the issues presented to *Page 1323 
it. As this Court stated in Underwriters Nat'l Assurance Co. v. Posey,333 So.2d 815, 817 (Ala. 1976):
 "When two actions are tried together, and inconsistent verdicts are rendered, sound practice requires that both verdicts be set aside without attempt by analysis of the evidence to determine which result the jury intended. This rule of law is based upon the principle that, where verdicts are inconsistent on their face the jury has misconceived the issues presented, or was prompted by bias."
The verdicts in the present case are not consistent, nor are they reconcilable under these facts. Consequently, the trial court erred in not granting Barnes's motion for new trial, and we reverse the judgment and remand the case for a new trial.
REVERSED AND REMANDED.
ADAMS, KENNEDY and INGRAM, JJ., concur.
HOUSTON, J., concurs in the result.
[1] A third issue raised by the parties is whether Barnes led the trial court into error. Because we reverse on other grounds, we do not address this issue.
[2] In the recent case of Norman Properties v. Bozeman,557 So.2d 1265 (Ala. 1990), this Court stated that because the defendants in that case failed to object to the choice of verdictform, not the substance, presented to the jury, and because the defendants failed to object to the verdicts before the jury was discharged, any objection to the inconsistency of the verdict forms was waived. In Norman Properties, the form submitted to the jury allowed two possibilities: (1) that the actions complained of were committed by the defendants in their individual capacity; or (2) that the actions complained of were committed in the line and scope of the partnership activities, thus obligating the defendant partnership. Based upon this jury form, the jury returned a verdict against the defendant partnership and for the individual defendants. The verdicts in Norman Properties were not inconsistent, because the jury, in finding against the partnership, decided that the partners were liable in their partnership capacity and that the liability was a partnership obligation rather than an obligation outside the line and scope of the partnership activities.
In the present case, the situation is different. As was stated inStinson v. Acme Propane Gas Co., 391 So.2d 659, 662 (Ala. 1980):
 "Appellants' asserted objection is not grounded on the `form,' `irregularity,' or `informality' of the verdict; rather, it is grounded on the `inadequacy' or `inconsistency' thereof. Likewise, Appellants' failure `to object' is not within the purview of Appellees' cited authority and did not constitute nonfeasance on Appellants' part. Appellants' challenge to the jury's verdict on grounds of `inadequacy' and "inconsistency' was properly made in their motion for a new trial."
We find the reasoning in Stinson, and not Norman Properties, to apply in the present case, because in this case there was an objection to the verdict as to substance, i.e., that the verdicts were inconsistent, rather than an objection on the basis that the verdict forms were defective.
Moreover, Norman Properties did not address the issue of whether an objection based on a claim of inconsistent verdicts could be raised for the first time in a motion for new trial. NormanProperties addressed whether such an objection could be raised for the first time on appeal.
[3] "`If damage to the husband in some measurable amount must necessarily follow proof of personal injury and right to recover by the wife, there would be no defense to the derivative action by the husband. It must follow that the husband would be entitled to the affirmative charge without hypothesis as to damages in some amount. This would be true in consolidated actions. It would then follow thatright to recover, and damages in some amount, would be due inseparate but nonconsolidated suits brought by the husband if it hasbeen previously determined that the wife was entitled to recover forpersonal injuries. The matter of injury and right to damages would beres judicata and only the amount of damages would remain to be determined.
"`We do not believe this to be the law nor should it be the law in this State.'"
Lewis v. Moss, 347 So.2d 91, 93 (Ala. 1977). quotingHarden v. Alabama Great Southern R.R., 45 Ala. App. 301,305, 229 So.2d 803, 806 (1969) (emphasis added inLewis).