PER CURIAM.
On February 13, 1987, Jan Sneed, as administratrix of the estate of her husband, Mark Sneed, sued Cheetah Boat Company, Inc. (hereinafter “Cheetah”); Mercury Marine, a division of Brunswick Corporation (hereinafter “Mercury”); and Roger’s Outdoor Sports, Inc. (hereinafter “Roger’s Outdoor”), under maritime law, specifically 28 U.S.C. § 1333(1), alleging the wrongful death of her husband. Mark Sneed, operating a Cheetah boat, was ejected from the boat while attempting a turn on Mallard Creek in Lawrence County. He was drowned as a result. In her complaint, Mrs. Sneed alleged that Cheetah and Mercury, respectively, had negligently or wantonly designed, manufactured, sold, and/or distributed the Cheetah model 176PRC boat and the Mercury outboard motor and that Roger’s Outdoor had negligently or wantonly sold and/or distributed the boat and motor. Cheetah filed a cross-claim against Roger’s Outdoor, alleging that Roger’s Outdoor had been negligent and that its negligence was the cause of the accident.
During the course of the trial, which began on November 24, 1989, Mrs. Sneed reached a pro tanto settlement with Roger’s Outdoor in the amount of $425,000 and with Mercury in the amount of $25,000. The case went to the jury on Mrs. Sneed’s complaint against Cheetah and on Cheetah’s cross-claim against Roger’s Outdoor. The jury returned a verdict of $1,300,000, but found that Mark Sneed had been con-tributorily negligent to the extent of 57.7% of the total negligence proximately causing his death, so the verdict of $1,300,000 was reduced by 57.7% ($750,000); that left a verdict of $550,000. That amount was reduced by the $450,000 in pro tanto settlements. Thus, the $1,300,000 verdict was reduced by a total of $1,200,000, leaving Mrs. Sneed with an award of $100,000 against Cheetah. The jury, however, found for Cheetah on its cross-claim against Roger’s Outdoor and awarded it $100,000.
Mrs. Sneed filed a motion for new trial, arguing only that the two verdicts were inconsistent. That motion was denied and Mrs. Sneed then filed a motion for “reconsideration” of that denial, which the trial court granted, ordering a new trial. Cheetah filed a motion to vacate the grant of a new trial based on Ex parte Dowling, 477 So.2d 400 (Ala.1985), which held that review of the denial of a post-judgment motion is by appeal rather than by a motion to “reconsider” that denial. The trial court granted the motion to vacate the grant of a new trial, and Mrs. Sneed appealed from the order initially denying her motion for new trial. She raises the same issue on appeal that she raised below: Whether the verdict in her favor and against Cheetah is inconsistent, as a matter of law, with the verdict for Cheetah on its cross-claim against Roger’s Outdoor.[1]
The general rule with regard to inconsistent verdicts is:
“[WJhether the issue is one of damages or one of liability, proof of the legally essential elements is the touchstone in determining the permissible limits of inconsistency of jury verdicts. Simply stated, whether in separate or consolidated trials, the jury verdict or verdicts, when tested by the proof, will be set aside if found to be legally irreconcilable. ”
Lewis v. Moss, 347 So.2d 91, 94 (Ala.1977) (emphasis added).
The evidence Sneed presented regarding Cheetah’s liability was that Cheetah designed and marketed a defective hull and *811 that that hull proximately caused her husband’s death. According to Sneed’s expert, Robert Swint, the configuration of the hull created an undesirable characteristic known as “bow steering,” which he says affected the handling of the boat and caused the bow of the boat to dip down into the water when the boat’s speed reached 30 miles per hour.
Sneed’s theory of liability with regard to Roger’s Outdoor, however, concerned three aspects of the boat unrelated to the design of the hull. Another of Sneed’s experts, Ralph Lambrecht, testified that the boat’s oversized engine, its “jack plate,” and its floodlights, all of which Roger’s Outdoor had added to the boat, contributed negatively to the boat’s handling.[2] Specifically, Lambrecht stated that the 200-horsepower engine that was on the boat (which was designed to accommodate a 150-horsepow-er engine) and the jack plate both abnormally increased the boat’s speed and that the two floodlights, which were mounted halfway between the keel and the deckline on the boat’s bow, created a considerable amount of drag and thereby increased the tendency of the stem to swing around the bow.
The trial court charged the jury as follows regarding Cheetah’s cross-claim against Roger’s Outdoor:
“[I]n addition ... to the suit filed by the Plaintiff against originally three Defendants, there is another suit involved in this trial which you must consider in your deliberation. In this separate case, which was commenced by a cross-claim by Cheetah Boat Company against Roger’s Outdoor Sports, Cheetah asserts that Roger’s Outdoor Sports was negligent and that this negligence was the cause of the Plaintiff’s accident.
“If you are reasonably satisfied from all the evidence that Roger’s Outdoor Sports was negligent and that its negligence was the sole cause of Cheetah’s liability, then, in that event you’re instructed to return a verdict in favor of Cheetah Boat Company over against Roger’s Outdoor Sports.
“Again, there are two claims pending in this lawsuit as just stated; one claim is by the Plaintiff against Cheetah Boat Company. The other claim is by Cheetah Boat Company against Roger’s Outdoor Sports; that’s the cross-claim.
“You must first determine the issues of liability and damage[s] on the claim between the Plaintiff and Cheetah Boat Company. If under the instruction of the Court and the evidence presented by all the parties, you find the issues in favor of Cheetah Boat Company and against the Plaintiff, then, you would deliberate no further.
“If, on the other hand, you should find in favor of the Plaintiff against Cheetah Boat Company, you should then consider Cheetah Boat Company’s claim against Roger’s Outdoor Sports.
“If you are reasonably satisfied from the evidence that Roger’s Outdoor Sports was negligent and that its negligence was the sole cause of Cheetah’s liability, then, in that event you’re instructed to return a verdict in favor of Cheetah Boat Company on its cross-claim over against Roger’s Outdoor Sports.”
(Emphasis added.)
Sneed argues that the jury’s verdict for her against Cheetah cannot be reconciled with its verdict for Cheetah on Cheetah’s cross-claim against Roger’s Outdoor because, she says, the theories of liability against Cheetah and Roger’s Outdoor are different. In other words, she says, Roger’s Outdoor, through its additions to the boat, could not logically be the “sole cause” of Cheetah’s liability to Sneed for defectively designing and marketing the boat’s hull.
We agree with Sneed that the two verdicts aré inconsistent as a matter of law and hold that the trial court erred in denying her motion for new trial.
REVERSED AND REMANDED.
*812 HORNSBY, C.J., and ALMON, SHORES, KENNEDY and INGRAM, JJ., concur.

. We note that Sneed’s argument goes to the substance rather than the form of the verdicts. Stinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala.1980). Thus, there was no prohibition against raising the inconsistent verdict issue for the first time on a motion for new trial. Lewis v. Moss, 347 So.2d 91 (Ala.1977). See, also, Alabama Farm Bureau Mut. Cas. Ins. Co. v. Brewton, 517 So.2d 599 (Ala.1987).

. A "jack plate” is a system that hydraulically raises and lowers the engine over a range of three or four inches.